[No. 2740.  Decided March 26, 1898.]

THE WEST PHILADELPHIA TITLE AND TRUST COMPANY, *Respondent,* v. THE CITY OF OLYMPIA *et al., Appellants.*

JUDGMENT — TIME OF ENTRY — CITY WARRANTS — DEFENSES AGAINST ASSIGNEE — VACATING JUDGMENT.

The entry of a judgment some six months after its rendition does not render it void under the constitutional provision requiring a decision by the superior court within ninety days after the

final submission of any cause to it, when the decision of the court was in fact given orally at the close of the trial.

Any defense that may be set up by a city against the original payee of its warrants is good as against his assignee.

Where all questions concerning the validity of certain city warrants have been tried and determined in an action against the original payee of the warrants, an action by his assignee to vacate the judgment, more than four years after the entry of judgment in the original action, is not seasonably made.

Appeal from Superior Court, Thurston County.—Hon. CHARLES H. AYER, Judge. Reversed.

*P. M. Troy,* and *A. J. Falknor,* for appellants.

*Frank D. Nash,* and *O. V. Linn,* for respondent.

The opinion of the court was delivered by

REAVIS, J.—This action was commenced in the superior court of Thurston county August 20, 1896, to vacate a portion of the decree rendered by the same court in the case of W. J. Casebeer, plaintiff, *v.* I. Liberman and the City of Olympia, defendants. The original cause was tried July 3, 1891, and the court at that date rendered its decision; the final order or decree therein was signed on July 8, 1891, and filed with the clerk January 23, 1892. The complaint states a cause of action in favor of I. Liberman upon a contract for grading and improving a street in the city of Olympia; that Liberman under said contract performed work and labor and that for such services there were issued and delivered to him in payment certain warrants drawn on a street grade fund, which warrants were transferred by Liberman to Thomas & Co., and by them to plaintiff; the demand by plaintiff for payment of the warrants and refusal by the city treasurer to pay the same. The complaint also states that about June 8, 1891, W. J. Casebeer commenced the action heretofore mentioned, in the same court, against the city of Olympia and said Liberman in which he

prayed that the city of Olympia and its officers be restrained from executing or delivering to Liberman any warrant or other evidence of indebtedness or paying him any money for labor performed in grading and improving said street and from exercising any acts under his contract; that upon the commencement of such suit a temporary injunction was issued by the court and afterwards dissolved; that on the third of July, 1891, the action was tried and on January 23, 1892, the findings of facts and conclusions of law were filed; that a portion of the conclusions of law was:

" That said plaintiff was and is entitled to a restraining order and injunction of this court restraining the defendant the city of Olympia from issuing to defendant I. Liberman any warrant or other evidence of indebtedness for any work done by him under or pursuant to the alleged contract aforesaid, and from paying to him or to any one for him or upon any warrant or other evidence of indebtedness which may have been issued, any sums of money whatever; and it is therefore ordered and adjudged that the defendant the city of Olympia its agents and officers each and all are perpetually restrained and enjoined from issuing or delivering to defendant Liberman any warrant or other evidence of indebtedness or from paying to him or to any one for him any sum of money whatever by reason of any work done upon Franklin St. by defendant I. Liberman as aforesaid; and defendant I. Liberman is restrained and enjoined from exercising any and all rights under and by virtue of the alleged contract aforesaid."

And it also alleges that no other or further order or judgment was made or entered in the action. It is also alleged that the warrants in question were issued before the trial of the suit of Casebeer v. Olympia and Liberman, and that the warrants were transferred by Liberman to Thomas & Co. prior to the filing of the findings of fact and conclusions of law. It is also alleged that the labor performed by Liberman in improving Franklin street was fairly and reason-

ably worth the amount represented by the warrants and that the city of Olympia has used and enjoyed the benefits of the work performed by Liberman on the improvements. Plaintiff also alleges that in the year 1891 the city of Olympia caused an assessment to be made on all the lots and parts of lots fronting upon Franklin street for the whole cost of making the improvements, including the value of the work performed by defendant Liberman, and that the city is proceeding to collect from the proper owners the total cost of the improvements, including the work performed by Liberman under his part of the contract as represented by the warrants in question, and that some portion of the assessment has been paid, and that the amount paid was sufficient to pay the warrants issued to Liberman, and also that the city treasurer paid other warrants since the injunction was issued. The contract between the city of Olympia and Liberman is also set out, in which, among other things, are found the following stipulations:

" Said Liberman agrees that in consideration of the issuing of said warrants as herein provided he will waive the right to demand and receive payment from the city of Olympia in any other way.

" It is further agreed that in case said Liberman shall fail to complete said work within the time herein named then the party of the first part shall have the right to consider said contract at an end and all rights and claims thereunder forfeited by said Liberman, nor shall said Liberman receive or be allowed any compensation for work done by him under this contract."

The defendants, the city of Olympia and treasurer, demurred to the complaint, assigning seven grounds for demurrer, only two of which are deemed material here, the sixth one, that the complaint did not state facts sufficient to constitute a cause of action, and the seventh, that the action has not been commenced within the time limited by

law. The demurrer was overruled. The defendants then answered, and, after a number of denials, set up for an affirmative defense that two bids were made upon the contract mentioned in the complaint, one by Liberman and another by Casebeer and that Casebeer's was the lower bid, but that the officers of the city of Olympia unlawfully, after the sealed bids were opened and submitted to them by the two bidders, and in collusion with Liberman, changed his bid to make it lower, and without giving any further notice awarded the contract agreed on in improving Franklin street to Liberman, and that under such collusive contract a portion of the work was done by Liberman and the warrants in question issued to Liberman in payment therefor. Defendants then set up the judgment in the original action, which was sought to be vacated by the plaintiff, and that in the original action the court adjudged that the contract of Liberman was illegal and void and a perpetual injunction was issued against the payment of the warrants in question or any payment for any services performed by Liberman; that such suit was instituted by Casebeer as taxpayer of the city of Olympia. Plaintiff demurred to the affirmative defenses set up in the answer of defendants, and the superior court sustained such demurrer. The case was then tried in the superor court. That court found upon the issues tendered in the complaint in favor of the plaintiff and vacated the judgment in the case of Casebeer, a taxpayer, v. City of Olympia and Liberman, entered January 23, 1892. The superior court, among other findings of fact, found that the legality of the contract between Liberman and the city of Olympia to grade Franklin street was placed in issue in the case of Casebeer v. Liberman and the City of Olympia, in which the judgment is sought to be vacated by plaintiff, and that the court in that action found the contract to be illegally made and against public policy

and void and of no force and effect, and that no appeal was ever taken from said original judgment by Liberman and no proceedings had ever been instituted in said superior court to modify or vacate the final order or decree entered in the original case. Such findings are not excepted to by plaintiff.

Plaintiff maintains that the findings of fact and conclusions of law and decree were not filed within ninety days after the trial and submission of the cause to the superior court and that, under the constitutional provision requiring a decision by the superior court within ninety days after the final submission of any cause to it, any judgment thereafter rendered was void. But this contention cannot be sustained, and in the judgment sought to be vacated here the decision appears to have been given orally by the court and could thereafter have been entered at any time. Some question is made by plaintiff upon the irregularity of the entry of the findings of fact and conclusions of law and the failure of the superior judge to distinctly label the decree; but these were mere irregularities, and from the record the judgment of the superior court substantially appears. From the allegations of the complaint and the findings of the superior court it fully appears that all the questions in litigation here were tried and determined by the same superior court in 1891 and that the conclusions and judgment of the court have been of record since January, 1892. During all that time the holder of the warrants in question has taken no action under the code of procedure to vacate or set aside the judgment. It has so frequently been ruled by this court that city warrants, such as those in question here, are not within the principles controlling the transfer of negotiable paper that it is merely proper to state that the plaintiff has no better rights in this suit than the original payee of the warrants, Liberman; and his rights were all completely

adjudicated, as we have seen, by the judgment sought to be vacated in this suit. In the case of *Long v. Eisenbeis,* 18 Wash. 423 (51 Pac. 1061), it was said:

" No reason is alleged by plaintiffs why application to vacate the judgment in the original action was not seasonably made. It will be found, upon an examination of the authorities, that, where such applications to vacate a judgment have been entertained, it has been in those cases where the complainants were without fault or negligence."

The judgment of the superior court is reversed with direction to enter judgment in this cause for the defendants.

Scott, C. J., and Anders and Dunbar, JJ., concur.

Gordon, J., took no part in the decision of this cause.