[No. 3377. Decided May 17, 1900.]

FIDELITY TRUST COMPANY, as Administrator of the Estate of Samuel W. Perkins, deceased, Appellant, v. JOHN R. PALMER, Respondent.

CITY WARRANT—NEGOTIABILITY—TITLE OF INNOCENT PURCHASER.

A city warrant is governed by the rules applicable to negotiable paper, so far as any question involving its title is concerned; and, where such a warrant, indorsed in blank, is sold to a *bona fide* purchaser by its apparent owner, to whom it had been temporarily intrusted by its real owner, the purchaser acquires title thereto.

TRIAL—DISCHARGE OF JURY AND JUDGMENT OF DISMISSAL—NECESSITY FOR FINDINGS.

Where the court withdraws a case from the jury and enters judgment dismissing the action, under Bal. Code, § 4994, it is not required to make findings of fact and conclusions of law.

Appeal from Superior Court, Pierce County.—Hon. THOMAS CARROLL, Judge. Affirmed.

*Campbell & Powell,* for appellant:

The warrant in suit is not a negotiable instrument. *Wall v. Monroe County,* 103 U. S. 77 (26 L. ed. 430); *Keller v. Hicks,* 22 Cal. 457 (83 Am. Dec. 78); *People ex rel. Barry v. Gray,* 23 Cal. 125; *Shakespear v. Smith,* 20 Pac. 294; *National Bank v. Herold,* 16 Pac. 507. The warrant was payable out of a particular fund, and for that reason alone was not negotiable. Daniel, Negotiable Instruments (3d ed.), § 50.

*Bates & Murray and John H. McDaniels,* for respondent.

The opinion of the court was delivered by

GORDON, C. J.—Plaintiff sued to recover the value of a city warrant of the city of Tacoma. It appears that the warrant was originally issued to the Fox Island Clay Works, and thereafter indorsed to the Washington Fire Clay Company, and that company indorsed it in blank. Plaintiff's intestate, S. W. Perkins, became the owner thereof, and subsequently intrusted it to his attorney, D. K. Stevens, at the latter's request, to enable him to use the same in evidence in a case then pending in the superior court. Stevens, instead of returning the same to his principal, sold it to the defendant, who paid par value therefor. At the conclusion of the evidence for plaintiff, the trial court, upon defendant's motion, discharged the jury and entered judgment in defendant's favor, dismissing the action and for costs, pursuant to § 4994, Bal. Code.

At the trial the defendant was examined as a witness for plaintiff. The purpose of his examination was to show that he knew at the time of his purchase of the warrant that plaintiff's intestate was the owner of it. We have examined his testimony very carefully, and it seems per-

fectly clear that he was not acquainted with Mr. Perkins, or knew of his existence, until after he purchased the warrant; that he believed and understood that Stevens owned it; and a reading of his testimony we think admits of no other conclusion than that he purchased it in good faith, without any actual knowledge of Perkins' ownership, or of any fact or circumstance which would be sufficient to put a prudent person upon inquiry. As already observed, the warrant itself afforded no notice or intimation of Perkins' ownership, and, if the rule that is applicable to negotiable paper can be invoked in respondent's favor, the judgment of the trial court was unquestionably correct. Appellant contends that such a warrant is not a negotiable instrument, but is intended as a mere voucher of the city treasurer when paid. The great weight of authority is that a county or city warrant possesses all of the qualities of negotiable paper but one, viz., that it is open to any defense which might have been made to the claim upon which it is founded. For all purposes involving its title, it must be treated as negotiable. *Union Savings Bank & T. Co. v. Gelbach,* 8 Wash. 497 (36 Pac. 467, 24 L. R. A. 359); *District of Columbia v. Cornell,* 130 U. S. 655 (9 Sup. Ct. 694); *Furgerson v. Staples,* 82 Me. 159 (19 Atl. 158, 17 Am. St. Rep. 470); *Garvin v. Wiswell,* 83 Ill. 215; *Crawford County v. Wilson,* 7 Ark. 214. Such being its character, the case is not affected by the fact that Stevens had no authority to sell the warrant. *Y. M. C. A. Gymnasium Co. v. Rockford National Bank,* 179 Ill. 599 (54 N. E. 297, 70 Am. St. Rep. 135); *Garrett v. Campbell,* 51 S. W. 956; *Weirick v. Mahoning County Bank,* 16 Ohio St. 296.

The procedure of the trial court was in accord with the statute (Bal. Code, § 4994), and the court was not required to make findings of fact and conclusions of law.

*Barkley v. Barton,* 15 Wash. 33 (45 Pac. 654); *Thorne v. Joy,* 15 Wash. 83 (45 Pac. 642); *Noyes v. King County,* 18 Wash. 417 (51 Pac. 1052).

The judgment and order appealed from will be affirmed.

DUNBAR, FULLERTON and REAVIS, JJ., concur.