[No. 13080. Department Two. November 6, 1915.]

THE STATE OF WASHINGTON, *on the Relation of S. L. Ackerman et al., Plaintiff,* v. EDWARD MEATH, *as State Treasurer, Respondent.*[1]

STATES — WARRANTS — PAYMENT OF DUPLICATE — RIGHTS OF AS-SIGNEE. An assignee of a state warrant upon the industrial insurance fund, which is a nonnegotiable instrument, cannot recover thereon, when, prior to the assignment, the same was satisfied by payment of a duplicate warrant issued to the original holder upon his claim that the original warrant had been lost, and upon his indemnifying the state by bond against payment of the original.

Application filed in the supreme court September 20, 1915, for a writ of mandamus to compel the state treasurer to pay a warrant issued upon the accident fund of the industrial insurance department. Denied.

*R. H. Fry,* for petitioner.

*The Attorney General* and *John M. Wilson, Assistant,* and *E. H. Guie,* for respondent.

[1]Reported in 152 Pac. 536.

PARKER, J.—The relator, S. L. Ackerman, claiming to be the holder by assignment of an unpaid warrant issued by the state auditor upon the state treasurer against the accident fund of the industrial insurance department, seeks by mandamus to compel the state treasurer to pay the warrant, which the treasurer has refused to do. The undisputed controlling facts are as follows:

On December 21, 1914, upon a proper voucher therefor from the industrial insurance commission, the state auditor duly issued to O. A. Burkland a warrant upon the state treasurer for the sum of $36.90, payable out of the accident fund of the industrial insurance department. On January 28, 1915, Burkland, claiming to have lost this warrant, applied to the state auditor for a duplicate warrant. He made affidavit in writing of that fact, and of the fact that the warrant was unpaid, and also furnished the auditor an indemnity bond. Thereupon the auditor, on February 3, 1915, issued to him a duplicate of the original warrant, of the same date, with the word "Duplicate" indorsed across the face thereof. On February 10, 1915, this duplicate warrant was by Burkland caused to be presented to the state treasurer for payment, when it was accordingly paid. Thereafter, on or about April 16, 1915, Burkland, then having the original warrant in his possession, assigned and delivered the same for valuable consideration to the relator, S. L. Ackerman. Thereafter the relator, having presented the original warrant to the state treasurer for payment, and payment thereof being by the treasurer refused, this proceeding followed.

It is too plain for argument that if Burkland were now the holder of this original warrant and attempting to enforce its payment as this relator, his assignee, is attempting to do, he would have no right whatever as the holder of the warrant, having received payment upon his presentation of the duplicate warrant. We are quite unable to see that the relator is in any better position, since he is only the assignee of a nonnegotiable obligation at best, of which assignment the state treas-

urer not only had no notice, but which assignment was not made until after the obligation was satisfied by payment of the duplicate warrant by the treasurer. We can conceive of no theory which lends support to the relator's claim here made, since the law applicable to the rights of innocent purchasers of negotiable paper is of no avail to him. In *State ex rel. Olympia Nat. Bank v. Lewis*, 62 Wash. 266, 113 Pac. 629, we said:

"It needs no argument to demonstrate that if Hamilton was the relator in this proceeding and still the holder of the warrant, he could not successfully maintain this proceeding and thereby enforce the payment of the warrant by the treasurer. This being the law, the relator, of course, is in no better position, unless it be held that the warrant is negotiable paper acquired by the relator as an innocent holder for value before maturity. That such warrants are 'not negotiable in the sense of excluding inquiry into the legality of their issue or to exclude defenses thereto,' has been determined by the previous decisions of this court, in harmony with the general rule upon that subject. *Bardsley v. Sternberg*, 17 Wash. 243, 49 Pac. 499; *West Philadelphia Title & Trust Co. v. Olympia*, 19 Wash. 150, 52 Pac. 1015; 28 Cyc. 1570."

It seems clear to us that the treasurer rightly refused to pay the original warrant as demanded by the relator.

The writ is denied.

MORRIS, C. J., MAIN, MOUNT, and HOLCOMB, JJ., concur.