[No. 14440. Department One. September 16, 1918.]

THE CITY OF MARCUS, *Appellant*, v. SAMUEL OFNER *et al., Respondents.*[1]

MUNICIPAL CORPORATIONS—WARRANTS—NEGOTIABILITY. Municipal improvement district warrants are negotiable for all purposes of title, so that an attorney in lawful possession could pass good title to bona fide pledgees as security for a loan to him, although he had no authority to dispose of them.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered December 30, 1916, upon the verdict of a jury rendered in favor of the defendants by direction of the court, in an action in replevin. Affirmed.

*L. B. Donley* (*L. C. Jesseph,* of counsel), for appellant.

*F. A. McMaster,* for respondents.

MAIN, C. J.—Plaintiff, a city of the fourth class, brought this action to recover the possession of certain improvement district warrants. The trial resulted in a judgment for the defendants, and the plaintiff appeals.

Briefly, the facts are: Certain improvement district warrants, all of which read "Pay to the order of," issued by appellant in 1911, were presented by

[1]Reported in 175 Pac. 31.

the payees to the city treasurer, who indorsed them "Not paid for lack of funds." The warrants were indorsed in blank by the payees and later transferred to the First State Bank of Marcus, and by the bank deposited with the city treasurer as indemnity against loss of city funds deposited in the bank. The bank failed, whereupon the city employed two attorneys, one of whom was W. C. Stayt, to recover from the bank, ex-city treasurer and his bondsmen the amount due the city. The city delivered to Stayt the warrants for use during the trial. While in his possession, and before trial was had, he pledged the warrants (which bore only blank indorsement of payees) to defendants herein as security for loans made by them to him.

The sole question for determination is whether the respondents, having acquired the warrants in good faith as security for the loans from one having rightful possession of them, had a superior title thereto to that of the appellant:

There is no substantial distinction between this case and the case of *Fidelity Trust Co. v. Palmer,* 22 Wash. 473, 61 Pac. 158, 59 Am. St. 953. In that case the plaintiff sued to recover the value of a city warrant which had been delivered to an attorney to be used as evidence in a case then pending in the superior court. The attorney, instead of returning the same to his principal, sold it to the defendant, who paid value therefor. At the conclusion of the evidence in that case for the plaintiff, the trial court, upon defendant's motion, directed a judgment in his favor. The purchaser there, as here, acquired the warrant in good faith and for a valuable consideration. It was there said:

"Appellant contends that such a warrant is not a negotiable instrument, but is intended as a mere voucher of the city treasurer when paid. The great

weight of authority is that a county or city warrant possesses all of the qualities of negotiable paper but one, viz., that it is open to any defense which might have been made to the claim upon which it is founded. For all purposes involving its title, it must be treated as negotiable. (Citing cases.) Such being its character, the case is not affected by the fact that Stevens (the attorney) had no authority to sell the warrant."

Upon the authority of that case, the judgment in this case will be affirmed.

FULLERTON and PARKER, JJ., concur.