[No. 18570.    *En Banc.*    November 21, 1924.]

FRANK MANKER, *Appellant,* v. AMERICAN SAVINGS BANK
& TRUST COMPANY *et al., Respondents,* THE CITY
OF SEATTLE, *Interpleading Defendant.*[1]

MUNICIPAL CORPORATIONS (531) — BONDS — TRANSFER — NEGOTIA-
BILITY—RIGHTS OF BONA FIDE PURCHASERS. Municipal local improve-
ment bonds payable only from the fund collected by assessments, and
providing that the city shall not be liable thereon, are not negotiable
instruments, within the definition of Rem. Comp. Stat., § 3392, re-
quiring an unconditional promise to pay a sum certain, and § 3394,
providing that an order payable only out of a particular fund is not
unconditional; hence title cannot be acquired through transfers
from one who stole the bonds (PARKER, J., dissenting).

Appeal from a judgment of the superior court for
King county, Neal, J., entered December 14, 1923, in
favor of the defendants, in an action to determine the
title to municipal bonds, tried to the court. Reversed.

*Alex Stewart* and *Robert D. Hamlin,* for appellant.

*Thomas J. L. Kennedy* and *Walter B. Beals,* for
respondent City of Seattle.

*Stratton & Kane,* for respondent American Savings
Bank & Trust Company.

*Peters & Powell, Guy B. Groff* and *William Hatch
Davis, amici curiae.*

MACKINTOSH, J.—In April, 1923, the appellant was
the owner of two local improvement bonds issued by
the city of Seattle, payable out of funds to be raised
by special assessment in local improvement district
No. 3,032. These bonds were in that month stolen from
the appellant's safety deposit box in a bank at Vashon,
Washington, and thereafter came into the possession
of the respondent bank, which purchased the same in

[1]Reported in 230 Pac. 406.

the due course of business. The respondent city of
Seattle has the funds on hand to pay these two bonds
and has called for their payment, and this litigation
concerns only the question whether the appellant or
the respondent bank is entitled to such payment. The
ultimate question is whether these bonds are negotiable
instruments.

The bonds provide that the holders shall have no
claim against the city "except from the special assess-
ment made for the improvement for which such bond
was issued." Another provision is that "the city of
Seattle . . . hereby promises to pay . . . or
bearer . . . out of the fund established by ordi-
nance No. 36562 of said city and known as Local Im-
provement Fund District No. 3032 and *not otherwise.*"
And further, that "the holders or owners of this bond
shall look *only to said fund* for the payment of either
the principal or interest on this bond."

The negotiable instruments act provides, in § 3392,
Rem. Comp. Stat. [P. C. § 4072], that "an instrument
to be negotiable must conform to the following re-
quirements. . . . (2) must contain an uncondi-
tional promise or order to pay a sum certain in
money." Section 3394 [P. C. § 4074] provides that
"An unqualified order or promise to pay is uncondi-
tional within the meaning of this act, though coupled
with—(1) an indication of a particular fund out of
which reimbursement is to be made, . . . But an
order or promise to pay *only out of a particular fund*
is not unconditional."

It would seem that, under the plain provisions of
the negotiable instruments act, these bonds, by their
terms, do not contain an unconditional promise to pay,
for they explicitly state that the payment is to be made
*only out of a particular fund.*

The negotiable instruments act, as has been often stated, is but a re-enactment of the law merchant with certain modifications. Under the law merchant, a promise to pay out of a particular fund is not an unconditional promise to pay, and an instrument thereunder was therefore non-negotiable. Dillon on Municipal Corporations, vol. 2 (5th ed.), § 893, states this rule:

"Respecting the question of *the negotiability of these instruments* it has been held that because the bonds are not payable unconditionally and at all events, but only out of a special fund created for and pledged to the payment, which may or may not prove adequate to meet the obligations in full, they do not have that certainty of payment which is essential to negotiability, and that they are not negotiable instruments within the law merchant. Being deprived, according to these decisions, of the characteristics of negotiability by the uncertainty of payment, improvement bonds of this nature have been held to be mere choses in action, and, in the hands of a purchaser for value without notice, subject to all the defences to which they are subject in the hands of the contractor or person to whom they were originally issued."

McQuillin on Municipal Corporations, vol. 5, § 2305, dealing with the same matter, says:

"On the other hand, municipal bonds, like other instruments, must contain every essential requisite of negotiability, in order to be negotiable, and hence a bond payable on a *contingency* which may never happen is not negotiable, nor is a bond payable only out of a specified fund."

And in § 2269 of the same work is this statement:

"Statutes in many states authorize the issuance of bonds to pay for public improvements, and such bonds are generally payable only from special assessments on the property benefited, as they are collected from time to time. These statutes have been held to be con-

stitutional, and the bonds are not invalid because the method provided by statute or ordinance for assessing the cost of the improvements against the abutters is illegal. Such bonds, where payable only from a special fund, have been held *not negotiable* because there is no certainty as to payment, and hence any defense may be set up against them, in the hands of *bona fide* purchasers, which could have been set up if they had remained in the hands of the persons to whom originally issued.''

Section 3394, Rem. Comp. Stat., *supra,* modifies the rule of the law merchant by providing that, where the promise to pay was out of a particular fund, such promise was nevertheless unconditional, but that where a particular fund *only* was to be looked to for the payment, such payment was conditional, and therefore the instrument containing it was non-negotiable. Although the bonds in controversy here met all the other requirements of negotiability set out in § 3392, Rem. Comp. Stat., *supra,* the fact that they contain no unconditional promise to pay makes them non-negotiable instruments, and the appellant, from whom they were stolen, would be entitled to the bonds as against the respondent bank, which came into possession of them through a chain of transfers from the thief.

Attention has been called, however, to decisions of this court which it is urged have placed the stamp of negotiability upon paper such as this. An examination of the authorities discloses that in none of them was the negotiable instruments act, especially sections 3392 and 3394, referred to, and yet, as will be noted when considering those cases seriatim, they are not really in conflict with the opinion which we have already stated.

The first case called to our notice is *Fidelity Trust Co. v. Palmer,* 22 Wash. 473, 61 Pac. 158, 79 Am. St.

953, which held that a city warrant is covered by the laws applicable to negotiable paper, and where such warrant is sold to a *bona fide* purchaser by its apparent owner, such purchaser acquires full title. This case was decided one year after the enactment of the negotiable instrument act, but does not refer to the act. The facts, as disclosed by an examination of the record in that case, show the case was properly decided, for they bring it within the provisions of § 3394, *supra,* for the reason that the warrant merely indicated a particular fund out of which the payment was to be made and did not provide that that was to be the *only* fund to be looked to, and therefore the promise was unconditional and the instrument containing it negotiable. The facts in that case were that the city of Tacoma had issued a warrant which provided that the treasurer of the city would pay "from the general fund" the sum of $429.75. This was merely an indication of the particular fund, as we have already said, and as a matter of fact, the particular fund designated was the general fund of the city out of which all payments could be made, and therefore that case in nowise conflicts with the opinion which we are rendering in the instant case, though there is language in the opinion indicating a different view.

The next case cited is *Marcus v. Ofner,* 103 Wash. 478, 175 Pac. 31, which in turn makes no reference to the negotiable instruments act and holds that a municipal corporation's warrant was negotiable, so that a person in possession could pass good title to a *bona fide* purchaser, although the transferor had no authority to dispose of the warrant. The decision cites the case of *Fidelity Trust Co. v. Palmer, supra,* without citation of any further authority, but an examination of the record in the case will show the decision is cor-

rect under § 3394, Rem. Comp. Stat., *supra,* for the
warrant there was in these words; "pay to the order
of LaPlante and Sanborn nine dollars out of the second
improvement fund not otherwise appropriated." This
warrant was not restricted for its payment to the fund
in question, and therefore was an unconditional
promise to pay as defined by § 3394, *supra.*

The next case is that of *Woodworth v. School
District No. 2,* 103 Wash. 677, 175 Pac. 321, which
holds that while school district warrants are not
negotiable within the law merchant, they are negotiable
so far as the transfer of title is concerned, subject only
to any defenses which might have been made to the
claim on which they are founded. This case, also, does
not discuss the sections of the negotiable instruments
act, but is based upon the two prior decisions in
*Fidelity Trust Co. v. Palmer, supra,* and *Marcus v.
Ofner, supra.* The decision, by its terms, lays down
a rule a good deal broader than is warranted under
§ 3394, *supra,* but when an examination of the record
is made it discloses that the facts in the case justify
the result, for the warrant there was a school warrant
to be paid from "any moneys in the general fund be-
longing to said school district." This was only an in-
dication out of the particular fund from which a pay-
ment was to be made, and not an order to pay *only*
from such fund, and thus falls squarely with § 3394.
Further, it is exactly in line with the *Fidelity Trust
Company,* case, *supra,* for it is provided that the sale
is to be made out of the general fund against which
all warrants are drawn and all payments by the school
district are to be made.

It is therefore apparent that none of these three
cases relied on by the respondent determined the
negotiability of a bond or warrant payable "only out
of a particular fund."

In *Barker v. Seattle,* 97 Wash. 511, 166 Pac. 1143, it was said that " . . . municipal and state warrants are not negotiable instruments, . . . they are simply assignable as non-negotiable choses in action." That opinion does not take into consideration the provisions of the negotiable instruments act, and the statement is too broad under the statute, for certain municipal bonds and warrants are negotiable. What was meant by the decision was that municipal bonds and warrants, even when negotiable, are subject to certain defenses, and that they are no more binding upon the municipality in the hands of assignees of the persons to whom they have been issued than they would have been in the hands of the original purchaser. This expresses what is an exception in the case of the obligations of municipal corporations recognized by all the authorities.

In *Cuddy v. Sturtevant,* 111 Wash. 304, 190 Pac. 909, reference is made to § 3394, *supra,* and it is there held that a bond payable *only* out of a particular fund is "therefore not a negotiable instrument as defined in that act." The question then arose whether the doctrine of estoppel by recital could be applied to such bonds, and it was held that, where bonds were made payable to bearer, as are the bonds in the instant case, an estoppel could be invoked in favor of *bona fide* purchasers thereof. The question before us was not squarely involved in that case and no discussion, other than the mere statement to which we have called attention, of the principle involved appears in the decision.

In *Matapan National Bank v. Seattle,* 115 Wash. 596, 197 Pac. 789, citing *Barker v. Seattle, supra,* it is said, without the citation of the negotiable instruments act, that "in this state municipal warrants whether issued upon a general or a special fund are not negotiable in-

struments," which, of course, is a broader statement than the law justifies. But a further reading of the case shows that the matter under consideration was properly decided, for the question there was whether the purchasers of such warrants took them subject to any defenses which might have been urged against their validity, and the court followed the exception to the rule which we have heretofore stated.

These authorities show that the question before us has never been squarely passed upon by this court, and there is, therefore, nothing in the results of the decisions cited conflicting with the views which we have expressed, though there have been exaggerated expressions used.

Respondent argues that, under the rule of *stare decisis,* we should not now disturb the negotiability of such instruments, even though the negotiable instruments act, strictly read, might indicate that such instruments are non-negotiable; but, as we have attempted to show in a review of the authorities, this question has never been before us as it affects bonds such as the ones here, and therefore there is no possibility of the *stare decisis* rule being invoked.

Respondent further argues, however, that, in any event, these bonds should be held to be negotiable as a matter of public policy, for the reason that large sums of money are now invested in securities of that sort and to hold them to be non-negotiable would be to destroy their market value and few persons would assume the risk incident to purchasing these bonds if they are not negotiable.

The court cannot decide these questions upon a matter of public policy, where the law is plain as it is here, for the decision must be governed by the law and not by what the court may think might have been a

better legislative policy. Nor can the positive law be overcome by use and custom. The remedy is with the legislature to change the law, and some states have resorted to that remedy, for we find in New Jersey, Indiana and Kentucky express statutory provisions modifying the negotiable instruments act and providing that these bonds shall be negotiable. Until the legislature of this state has similarly acted, these instruments must be held to be non-negotiable, and the general rule must be applied to them as applies in the case of other chattels which are taken feloniously from the owner.

The judgment is therefore reversed, and the appellant will be entitled to the amount held by the city of Seattle for the extinction of his bonds.

MAIN, C. J., HOLCOMB, MITCHELL, BRIDGES, FULLERTON, TOLMAN, and PEMBERTON, JJ., concur.

PARKER, J. (dissenting)—I dissent from the conclusions reached in the foregoing opinion. The local improvement bond here drawn in question is, by its express terms, payable to bearer, as are manifestly all of the other bonds of the series to which it belongs. These bonds manifestly were issued for the express purpose of being transferred in the open market by mere delivery. They may not be negotiable in that large and comprehensive sense which precludes the invoking against them of every possible defense which the city or the owners of the property which they burden might invoke, but to my mind, they are pure negotiable instruments in the sense that their title passes from holders thereof to purchasers in good faith by mere transfer of possession. This is as far as we are here concerned with the question of negotiability. The question of defenses which might be invoked as against their payment by the city or the

owners of the property which they burden is, to my mind, quite foreign to the question which might be raised as against their title in some holder. As to the latter, they are, I think, to be regarded as pure negotiable instruments. So viewed, the bank has good title to the one here drawn in question.