[No. 19609. *En Banc*. December 10, 1926.]

BANK OF CALIFORNIA, N. A., *Respondent, v. NATIONAL CITY COMPANY, Appellant.*[1]

[1] BILLS AND NOTES (36)—NEGOTIABILITY—CONDITIONS IN INSTRU-
MENT—CONSTRUCTION. An instrument to be negotiable must con-
form to the negotiable instrument act; and if it does, it is ne-
gotiable for all purposes, as there can be no two standards of
negotiability (PARKER, FULLERTON, HOLCOMB, and MAIN, JJ., dis-
senting).

Appeal from a judgment of the superior court for King county, Lindsley, J., entered April 27, 1925, upon findings in favor of the plaintiff, in an action for the recovery of stolen bonds transferred to defendant, tried to the court. Reversed.

*Bullitt & Kahin,* for appellant.

*Kerr, McCord & Ivey,* for respondent.

*Grinstead, Laube & Laughlin, R. John Lichty,* and *Hugh M. Caldwell, amici curiae.*

ON REHEARING.

PER CURIAM.—A rehearing in this case having been had by the court *En Banc*, while the court is still of the opinion that the bonds in controversy are nego-tiable instruments by reason of the fact that they comply with the requirements of the negotiable instru-ment act, yet it is now of the opinion that some of the language contained in the Department opinion, re-

[1]Reported in 251 Pac. 561.

ported in 138 Wash. 517, 244 Pac. 690, should be modified so as to conform to the decision of this court in *Manker v. American Savings Bank & Trust Co.*, 131 Wash. 430, 230 Pac. 406. In the *Manker* case, it was held that, in order for an instrument to be negotiable, it must conform to the requirements of negotiability laid down in the uniform negotiable instrument act of this state, and that an instrument which does not so conform is non-negotiable in every sense. In other words, that there are no two standards of negotiability; that an instrument is negotiable for all purposes or non-negotiable for all purposes, dependent upon whether it measures up to the requirements of the act. Prior decisions of this court were referred to in the *Manker* case and, in effect, reversed in so far as they might indicate the adoption of the theory that there are two standards of negotiability; and in so far as the Department opinion in this case inferentially revived that theory, that language is now withdrawn from the opinion.

The fact that instruments may be payable to bearer and issued for the purpose of passing from hand to hand does not create them negotiable instruments, any more than other forms of personal property, which are transferable by delivery, by reason only of that fact can be said to be negotiable.

Judgment reversed.

PARKER, J. (dissenting)—Since the majority of the court seem to be of the opinion that the bonds here in question are clearly negotiable in every possible sense, I freely yield my assent to the elimination of the observations made by me in the Department opinion touching the law as I conceived it to be announced in *Fidelity Trust Co. v. Palmer*, 22 Wash. 473, 61 Pac. 158, 79 Am. St. 953; *Marcus v. Ofner*, 103 Wash. 478, 175

Pac. 31, and *Woodworth v. School District. No. 2,* 103 Wash. 677, 175 Pac. 321. In other words, I now see that those observations were unnecessary to be made in the disposition of this case. But I am not yet ready to yield my assent to the view that the law, as I conceived it to be announced in those cases, was clearly departed from in *Manker v. American Savings Bank & T. Co.,* 131 Wash. 430, 230 Pac. 406, as is, in effect, stated in the foregoing *En Banc* opinion of the majority in this case. What is said in that behalf in that opinion is now no more necessary to the correct disposition of this case than what I said in the original Department opinion in this case is necessary to the correct disposition of this case. For these reasons, I object to this, what I conceive to be the here unnecessary attempted interpretation of *Manker v. American Savings Bank & T. Co.*

FULLERTON, J. (dissenting)—It may be, that when I concurred in the opinion in the case of *Manker v. American Savings Bank & T. Co.,* 131 Wash. 430, 230 Pac. 406, I did not fully grasp its purport and effect, but I certainly did not understand that it overruled the cases relating to the negotiability of municipal warrants theretofore decided by the court. I thought we were laying down the rule that a different situation was presented where the instrument was a municipal bond, negotiable in form, than is presented in the instance where the instrument was an ordinary municipal warrant. This much I was willing to concede, since it was in accord with the general rule; but now it seems that this was an erroneous interpretation of the holding in that case; that it was intended there to be held that an instrument which is not negotiable in every sense is negotiable in no sense. Since that is the interpretation, I am compelled to express my dissent to

the holding.  In my opinion, there is a wide difference between the warrant of a municipality, which is nothing more in its effect than an order drawn by one department of the municipality on another and payable on presentation, and an instrument purposely made negotiable in form and payable by the municipality at a future date certain, sometimes far distant from the date of the instrument.  It seems to me, that different principles can well apply to the different instruments, without any necessary conflict between them; that, where the conditions are understood, there can be "two standards of negotiability" without anybody being misled to his injury because thereof.  In this state, prior to the *Manker* case, it had been the rule, affirmed in a long line of cases, that municipal warrants, while otherwise possessing all of the elements of negotiability, lacked it in one particular, namely, that such a warrant is subject to any defense which could be made against the claim upon which it is founded.  Some of the cases directly so holding, and others involving the principle, are the following: *Union Savings Bank and Trust Co. v. Gelbach,* 8 Wash. 497, 36 Pac. 467, 24 L. R. A. 359; *Bardsley v. Sternberg,* 17 Wash. 243, 49 Pac. 499; *West Philadelphia Title & Trust Co. v. Olympia,* 19 Wash. 150, 52 Pac. 1015; *Fidelity Trust Co. v. Palmer,* 22 Wash. 473, 61 Pac. 158, 79 Am. St. 953; *State ex rel. American etc. Mtg. Co. v. Tanner,* 45 Wash. 348, 88 Pac. 321; *State ex rel. Olympia Nat. Bank v. Lewis,* 62 Wash. 266, 113 Pac. 629; *University State Bank v. Bremerton,* 86 Wash. 261, 150 Pac. 439; *Barker v. Seattle,* 97 Wash. 511, 166 Pac. 1143; *State ex rel. State Bank v. Scott,* 102 Wash. 510, 173 Pac. 498; *Marcus v. Ofner,* 103 Wash. 478, 175 Pac. 31; *Woodworth v. School District No. 2,* 103 Wash. 677, 175 Pac. 321; *Matapan National Bank v. Seattle,* 115 Wash. 596, 197 Pac. 789.

But I understand that all of these cases are over-ruled, in so far as they make the distinction noticed, and that, now, a municipal warrant is negotiable or not negotiable, dependent upon its form; that is to say, a municipal warrant payable to John Doe is not nego-tiable in any sense, and that the municipality may de-fend against it for any cause that will avoid an or-dinary contract, while a municipal warrant payable to John Doe or order, or a municipal warrant payable to bearer, is negotiable in every sense, and that the municipality has no defense to it as against an in-nocent holder for value, no matter however fraudu-lent or wrongful may have been the consideration for its issuance. This change in the rule, recognized as the rule has been since early statehood, would have been, in my opinion, sufficiently startling had it been made in a case where the precise question was pre-sented, but it is doubly so, since it is announced in a case in which the rule can be applicable only by analogy.

The fear that there is danger in "two standards of negotiability" is, in my opinion, more fanciful than real. Seemingly, where the distinctions are clearly announced and understood, no one can be deceived by it, and the question becomes, in its final analysis, a mere quarrel over terms. This, I protest, is not a sufficient reason for changing rules long established and under which the business of municipalities has been conducted for more than thirty years. Certain principles ought at some time to be deemed as settled. Under no other rule can the people of the state con-duct their affairs with certainty or safety.

I think the opinion of the court, which the foregoing opinion modifies, should be adhered to as the settled doctrine of the court.

HOLCOMB and MAIN, JJ., concur with FULLERTON, J.