[No. 24135. Department Two. February 2, 1933.]

GEORGE M. HELLAR, *Appellant*, v. THE NATIONAL CITY COMPANY OF CALIFORNIA, *Respondent*.[1]

*Wm. H. Pratt*, for appellant.

*Kahin & Carmody* and *Orlo B. Kellogg*, for respondent.

TOLMAN, J.—By this action, the plaintiff seeks recovery of the money paid for the purchase of bonds, with interest, which, by reason of having been stolen and their numbers altered, he claims were void and worthless at the time he purchased them.

[1]Reported in 18 P. (2d) 480.

The case was tried to the court, resulting in a judgment dismissing the action with prejudice, from which judgment the plaintiff has appealed.

The material facts are stipulated, and while some evidence was received in addition, the situation can be made sufficiently clear by quoting from the stipulation:

"That on the 25th day of July, 1931, the defendant was maintaining an office for the transaction of business and selling of bonds, stocks and securities in the city of Tacoma, Washington, and was represented in said office by one R. B. Evans, and that on said date the plaintiff purchased from the defendant directly and not as agent or broker three Canadian National Railway 4½% bonds, due September 15, 1954, of the denomination of $1,000 each, with coupons attached, which bonds were numbered 09789, 08740 and 08742, and the plaintiff on July 25, 1931, paid defendant for said bonds the sum of $3,063.75, which was the market value of said bonds at said time. These bonds were delivered by the defendant to the plaintiff on or about August 4, 1931, and at all times referred to in this stipulation were not registered in the name of any particular person but by the terms thereof purported to be payable to bearer. The provisions of these bonds were in all material respects similar to those certain three bonds numbered 08254, 12021 and 25240 which are now in the registry of this court, save for the difference in numbering, in the numbers of the coupons and in the fact that said last named bonds have in the past been registered in the names of persons whose names did not and never have appeared upon said bonds purchased on or about the 25th day of July, 1931, and delivered to the plaintiff on or about the 4th day of August, 1931.

"That neither the plaintiff nor the defendant at the time of purchasing said bonds had knowledge of any defect in the said bonds or in the title of the defendant thereto.

"That the said bonds at some date prior to their acquisition by the defendant had been stolen from their

lawful owner and at the time of said theft said bonds were payable to bearer and not registered in the name of any particular person. The said bonds and coupons were altered by the thief in this, that the digit 8 occurring in the number on each of said bonds and coupons had been a digit 3 and had been changed to an 8.

"That upon the purchase of said bonds by the plaintiff and the delivery to him, he immediately placed the same in his safe deposit box and had never been used by him for collateral, nor had they been out of his box for any purpose whatever.

"That on the 15th day of September, 1931, certain of the coupons upon said bonds became due, and shortly prior thereto the plaintiff deposited the same with the National Bank of Tacoma, of Tacoma, Washington, who forwarded the same to proper persons for collection, whereupon the alteration of said bonds and coupons was discovered and payment of the coupons refused and said coupons returned with the notation 'bond numbers being altered', for which reason the payment of the same was refused.

"That prior to the commencement of this action, and about the 30th day of October, 1931, the defendant tendered to the plaintiff three Canadian National Railway Bonds Nos. 08254, 12021 and 25240, 4½% due September 15, 1954, together with a check for $67.50 for accumulated interest, but that said bonds so tendered to the plaintiff by the defendant were at the said time worth $549.38 less than the amount paid by the plaintiff to the defendant, and the plaintiff declined to accept said tender and would accept nothing other than the full price which he had paid to the defendant for the original bonds, with interest. That the plaintiff has remitted from his demand against the defendant a sum sufficient to reduce the same to the sum of $2,990, which remission is made for the purpose of retaining jurisdiction in the superior court and without prejudice to his rights to claim the full amount of his demand should the cause be removed to the district court of the United States.

"That the tender made by the defendant has been kept good by depositing the bonds tendered and the cash, $67.50, into the registry of this court."

It will be observed that the bonds purchased had theretofore been stolen and their numbers altered, but there is nothing in the stipulated facts or in the record from which the inference can be drawn that they were forged, worthless, or that appellant's title thereto had failed. On the contrary, it appears that appellant was a purchaser in good faith, for value, and without notice of any defect in the bonds or in the title thereto.

Appellant's action seems to be based upon the theory that the respondent has breached an implied warranty of title. In order to recover upon that theory, it would be necessary for him to show that his title actually failed. This he wholly failed to do. The mere fact that the interest coupons of a certain date were not paid when due, or that they were returned to him with a notation to the effect that the numbers had been altered, proves nothing as to the validity of the bonds in his hands, or as to his right to enforce them according to their terms.

It is clear that these were negotiable bonds, payable to bearer, as defined in our previous decisions, and, notwithstanding they had been stolen, title would thereafter vest in an innocent purchaser for value. *Bank of California v. National City Co.*, 138 Wash. 517, 244 Pac. 690, and 141 Wash. 243, 251 Pac. 561.

But it seems to be argued that, under our statute defining the crime of forgery, these were forged bonds, and a different rule would apply. We think this question is to be determined not by the criminal law, but by the law of negotiable instruments. Under that law, we have, at most, an alteration and, we think, clearly an immaterial alteration.

It must be borne in mind that the number is placed in the margin, and perhaps on the back of the bond, but forms no part of the contract itself. The number has no relation to the amount, time of payment, rate

of interest, the security, or any other feature of the contract, and amounts to nothing more than a marginal mark of identification. The alteration of such a mark in no wise affecting any of the terms or conditions of the bond cannot be other than immaterial.

"The general rule applies, however, that changes in this regard which in no manner alter the identity or legal effect of the instrument are not material, as where the change is in the marginal numerals, which form no part of the instrument, leaving the amount expressed in the body of the instrument intact, . . ." 2 C. J. 1197.

Moreover, our negotiable instrument law defines what are material alterations. Rem. Rev. Stat., § 3515. And by no process of construction can this alteration be brought within any of the definitions there contained. There are other cogent reasons why appellant may not recover, but it is unnecessary to continue the discussion.

The judgment appealed from awards to the appellant the bonds tendered in lieu of those altered and the amount of interest called for by the rejected coupons, and that is all he is entitled to receive.

The judgment is affirmed.

BEALS, C. J., STEINERT, BLAKE, and MAIN, JJ., concur.