CARL CRAWFORD v. BOARD OF COMMISSIONERS OF NOBLE
COUNTY.

(Filed Aug. 24, 1899.)

1. COUNTY WARRANTS—*Instrument Defined.* A county warrant or order
is an instrument, generally in the form of a bill of exchange,
drawn by the proper officer of the county upon the county treas-
urer, directing him to pay an amount of money specified therein,
upon a particular fund, to the person named therein, or to his
order, or to bearer.

2. SAME—*Negotiability.* County warrants or orders being in form
negotiable, they are transferable by delivery, so far as to authorize
the holder thereof to demand payment of them, and to maintain
in his own name an action thereon. But they are not negotiable
instruments in the sense of the law merchant, so that, when held
by a *bona fide* purchaser, evidence of their invalidity or defenses
against the original payee would be excluded. The transferee takes
them subject to all the legal and equitable defenses which existed
between the original parties.

3. SAME—*Bona Fide Holder.* Hence, a county, when sued upon its war-
rants by a *bona fide* holder thereof for value, may set up any
defense to which it was subject in the hands of the original payee.

4. SAME—*Action Upon—Defense—Res Judicata.* Where a county pleaded
as a special defense to an action brought by the assignee of a
county warrant, that after the original claim, in settlement of
which the warrant was issued, was allowed by the board of county
commissioners, and before the time for taking an appeal had
expired, the county attorney, upon petition signed by the requisite
number of citizen taxpayers, duly appealed said cause to the
district court; that the plaintiff in error had knowledge that the
appeal had been taken, and that said cause was pending in the
district court, and had ample opportunity to assert any rights he
may have had as the holder of the warrant sued upon in this
action; that neither the original claimant nor this plaintiff made
any appearance or defense to said action in the district court; and
thereupon the court, being fully advised in the premises, rendered
judgment in favor of the county and against the original claimant,
declaring that said claim was void, and decreeing the cancellation
of the warrant issued in settlement thereof; and that said judgment

Statement of the Case.

has become final, no appeal having been taken therefrom,—*held* to state facts sufficient to constitute *res judicata*. It is further *held* that it constitutes a bar to plaintiff's right of recovery in an action upon a *quantum meruit*.

(Syllabus by the Court.)

*Error from the Probate Court of Noble County; before Ethan Allen, Probate Judge.*

*James B. Diggs,* for plaintiff in error.

*W. M. Bowles,* for defendant in error.

### STATEMENT OF THE CASE.

Action by Carl Crawford against the board of county commissioners of Noble county, Oklahoma, to recover the sum of $300 on a county warrant issued on the 4th day of December, 1896, to one S. E. Richardson, and subsequently assigned to the plaintiff in error, Carl Crawford, who was at the commencement of this action the owner and holder thereof. The plaintiff's petition alleges that the warrant was drawn on the salary fund of said county, and was issued to Richardson for the payment of services rendered as register of deeds of said county, and for the purpose of making an index of the records of said county under and by virtue of a contract entered into between Richardson and the board of county commissioners; that the services were performed by Richardson, for the payment of which said warrant was issued, and that the services were accepted by the county, and were reasonably worth the sum of $300; that thereafter Richardson sold, transferred, and delivered the warrant for a valuable consideration to this plaintiff. It is further alleged in the petition that there is sufficient money in the salary fund of said county for the payment of said

warrant, but that the defendant has failed and refused to pay the same.

To this petition the defendant filed an answer, alleging substantially the following facts: (1) The defendant denies that it is indebted to the plaintiff in the sum of $300, or in any other amount. (2) The defendant admitted that it entered into a contract with Richardson to make an index of the records of said county, but alleged that the contract was obtained by means of deceit and false representations in this: That since said work was performed the defendant has made an investigation as to the amount of work that was necessary to make and complete said index, and as to the value of such services, and that $50 was a fair and reasonable charge for said services; that, by reason of such false and fraudulent representations, said contract and the warrant issued in settlement thereof, are void. (3) That the warrant is illegal and void, for the reason that it was not drawn on the proper fund. (4) That after the said bill of S. E. Richardson for making an index, as alleged in the petition, had been allowed by the board of county commissioners, and before the time for taking an appeal had expired, the county attorney, upon a petition signed by the requisite number of citizen taxpayers, duly appealed said cause to the district court of Noble county; that this plaintiff had knowledge that the appeal had been taken, and that said cause was pending in the district court, and had ample opportunity to assert any rights he may have had as a holder of the warrant sued upon in this action; that neither the original claimant, S. E. Richardson, nor this plaintiff, made any defense or appearance to said action in the district court. And thereupon the court, being fully advised in the premises, rendered judgment in favor

of the county and against the original claimant, S. E. Richardson, holding that the claim of said S. E. Richardson, and the warrant issued in settlement thereof, ar- void; and that said judgment has become final, no appeal having been taken therefrom.

The plaintiff demurred to defendant's answer, upon the ground that the said answer and each defense therein con- tained do not state facts sufficient to constitute a de- fense to plaintiff's cause of action, which demurrer was overruled by the court, and exception duly reserved by the plaintiff. The plaintiff then filed a reply containing a general denial to the first and second special defenses contained in defendant's answer. The defendant there- upon filed a motion for judgment on the pleadings, which motion was sustained by the court, and judgment ren- dered in favor of the defendant and against the plaintiff. From this judgment the plaintiff appeals. Affirmed.

Opinion of the court by

HAINER, J.: It is contended by the plaintiff in error that the court erred in sustaining defendant's motion for judgment on the pleadings. It appears from the record that the plaintiff in his reply denied the allegations con- tained in the first and second defenses set up by the de- fedant's answer, but did not deny the allegations con- tained in the third special defense. And hence, if the third special defense states facts sufficient to constitute a defense to plaintiff's cause of action, then the demurrer of the plaintiff was properly overruled, and the court was right in sustaining the defendant's motion for judgment upon the pleadings. The only question then presented in this appeal is, did the court err in overruling the plain- tiff's demurrer to the third special defense of the defend-

ant's answer, upon the ground that said special defense does not state facts sufficient to constitute a cause of action? The defendant in his third special defense averred that after the claim of Richardson was allowed by the board of county commissioners, and before the time for taking an appeal had expired, the county attorney, in pursuance to a petition signed by the requisite number of citizen taxpayers, duly appealed from the action of the board of county commissioners in allowing said bill, to the district court of said county, after giving notice in the manner prescribed by law. And it was further averred that the plaintiff to this cause of action had knowledge that an appeal had been taken, and knew when said cause was set for trial in the district court, and that he had ample opportunity to assert his rights as a holder of the warrant sued upon in this action; that said cause came on to be heard in its regular order, the county appearing by its attorney, but that the defendant, Richardson, made default, and thereupon the court, being duly advised in the premises, rendered judgment in favor of the appellant, disallowing the bill of Richardson, and decreeing that the warrant which was issued in settlement of said bill was void, and ordered the cancellation of said warrant. A copy of the journal entry is attached, and made a part of the defendant's third special defense.

Section 37, art. 9, ch. 22, Statutes of 1893, in relation to appeals from the county commissioners' decisions, provides that any county attorney, upon the written demand of at least seven taxpayers of the county, shall take an appeal from any action of the board of county commissioners of any county within his district, when said action relates to the interests or affairs of the county at

large, or any portion thereof, in the name of the proper county, when he deems it to be to the interest of the county so to do.

Section 38 provides that said appeal shall be taken within twenty days after the decision of said board, by serving a written notice on one of the board of county commissioners, etc.

Section 40 provides that all appeals thus taken to the district court shall be docketed as all other cases pending therein, and shall be heard and determined *de novo*.

Section 41 is as follows: "The district court may make a final judgment, and cause the same to be executed, or may send the same back to the board with an order how to proceed, and require said board of county commissioners to comply therewith, by a *mandamus* or attachment as for contempt."

From these various provisions, it clearly appears that an appeal was taken in the manner and form as prescribed by the statute, and that the district court had complete jurisdiction of the parties and subject-matter of the action. The allowance of the claim by the board of county commissioners, and issuing a warrant in settlement thereof to Richardson, were mere *prima facie*, and not conclusive, evidence of the validity of the claim. The county attorney, upon the petition of the requisite number of citizen taxpayers, had the right to appeal from the allowance of the board of county commissioners to the district court; and, when such appeal is taken, the statute requires that the cause shall stand for trial and determination *de novo*. Richardson having failed to appear in the district court and defend his interest therein, the judgment of the court was final and conclusive as to

his claim against the county. The judgment of the district court having become final and conclusive, the defendant had a right to plead it as a bar to plaintiff's right of recovery in this action, and the fact that the plaintiff in this action claims that he had no notice or knowledge of the appeal from the allowance of Richardson's claim, and that he was not made a party to such an appeal, is wholly immaterial.

A county warrant or order may be defined to be an instrument generally in the form of a bill of exchange, drawn by the proper officer of the county upon the county treasurer, directing him to pay an amount of money specified therein, upon a particular fund, to the person named therein, or to his order, or to bearer. In this Territory a county warrant is issued by the board of county commissioners upon the treasurer of the county, directing him to pay an amount of money specified therein, upon a particular fund, to the person named, or his bearer. The warrant sued upon in this action was drawn by the chairman of the board of county commissioners, attested by the county clerk, upon the county treasurer, directing him to pay to S. E. Richardson, or bearer, the sum of $300, for making an index, out of the salary fund of said county. While such warrants or orders are assignable, and the assignee may maintain an action thereon, they do not possess all the incidents of negotiable paper, so that the holder, for value, obtains an absolute title, free from all legal or equitable defenses which existed between the original parties. In other words, if such warrants or orders are invalid when issued, they are invalid for all time and the protection which attends a *bona fide* purchaser of negotiable paper, before maturity, without

actual or constructive notice of the illegality of its consideration, does not extend to like purchasers of county or municipal warrants.

In the case of *Wall v. Monroe Co.*, 103 U. S. 77, where the validity of certain county warrants was drawn in question, Mr. Justice Field, speaking for the court, said: "The warrants, being in form negotiable, are transferable by delivery so far as to authorize the holder to demand payment of them, and to maintain, in his own name an action upon them. But they are not negotiable instruments in the sense of the law merchant, so that, when held by a *bona fide* purchaser, evidences of their invalidity or defenses against the original payee would be excluded. The transferee takes them subject to all the legal and equitable defenses which existed to them in the hands of such payee." Applying these well-settled principles of law to the case at bar, it will be readily seen that whatever defenses were available against Richardson, the original holder of the warrant, are good against Crawford, who claims to be a subsequent purchaser and holder thereof. In other words, Crawford has no greater rights than Richardson, the original payee. The judgment of the district court being *res judicata* as to the rights of Richardson, it must follow that such judgment is conclusive and binding upon the plaintiff in this action.

Neither is the contention of the plaintiff in error well taken that his petition states a good cause of action to recover upon the *quantum meruit*. In *Goose River Bank v. Willow Lake School Tp.*, 1 N. D. 26, 44 N. W. 1002, it was held that a school warrant issued to a teacher who does not hold a legal certificate of qualification is void under the statute of North Dakota; and the fact that the school

township received the benefit of the teacher's services does not subject the county to liability, under the warrant, upon the *quantum meruit.* And such a warrant not being negotiable, so as to cut off defenses, an assignee cannot recover thereon, as being a *bona fide* purchaser.

In *Hampton v. Board,* 43 Pac. 324, the supreme court of Idaho held in a late case that the services rendered under a void contract with the board of county commissioners cannot be recovered for in an action upon the *quantum meruit.*

The original claim of Richardson for services rendered upon his contract with the board of county commissioners having been held to be absolutely void, and no appeal having been taken from such judgment, the plaintiff in error, who is the assignee of said claim, cannot maintain an action to recover upon the *quantum meruit.* It must, therefore, follow that the third special defense of the defendant stated a good cause of action, and the demurier thereto was properly overruled.

Other questions were raised by the pleadings, but, as this point is decisive upon the case, it will be unnecessary to consider them. The judgment of the probate court is therefore affirmed.

All of the Justices concurring.