SANDS v. CURFMAN.    (No. 7353.)

(Court of Civil Appeals of Texas. Dallas. May 22, 1915.)

1. EVIDENCE ⬥317 — HEARSAY — CONVERSATIONS—ACTION ON NOTE.

In a transferee's action on a note given to a minor for a debt which defendant claimed to have paid to the payee after confirmation of the contract creating the debt, testimony of defendant and his attorney as relative to conversations had with the payee before and at the time of the confirmation, as to the renunciation of the contract transferring the note, being hearsay where the payee was not a party to the suit and the conversations were not had in the presence of plaintiff, was improperly admitted.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1174–1192; Dec. Dig. ⬥317.]

2. BILLS AND NOTES ⬥427—NONNEGOTIABLE NOTE — ACTION BY TRANSFEREE — DEFENSE—PAYMENT.

In a transferee's action on a nonnegotiable note, it is no defense that defendant after notice of the transfer, has paid the amount of the note, or any part thereof, to the payee.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1233–1244; Dec. Dig. ⬥427.]

3. BILLS AND NOTES ⬥443—NONNEGOTIABLE NOTES—RIGHTS OF TRANSFEREE.

Recitals in a deed that the note given for the purchase price was "nonnegotiable and nonassignable" could not, in view of Rev. St. 1911, art. 583, authorizing the assignment of nonnegotiable notes, defeat the right of a transferee to recover as owner thereof, though he took the note with knowledge of the recitals in the deed.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1377–1380, 1383–1392, 1394–1423; Dec. Dig. ⬥443.]

4. INFANTS ⬥47 — CONTRACTS — DISAFFIRMANCE.

A minor's contract is not void by reason of his minority, but is voidable only at his instance, where he acts within a reasonable time after reaching his majority.

[Ed. Note.—For other cases, see Infants, Cent. Dig. §§ 99, 101–108, 110; Dec. Dig. ⬥47.]

Appeal from District Court, Rockwall County; Kenneth Foree, Judge.

Action by J. M. Sands against W. A. Curfman. From judgment for defendant, plaintiff appeals. Reversed and remanded.

H. M. Wade, of Rockwall, for appellant. E. D. Foree and T. B. Ridgell, both of Rockwall, for appellee.

RAINEY, C. J. In the year 1909 Jesse Fletcher, a minor, conveyed to W. A. Curfman a tract of land situated in Rockwall county in consideration, among other things, of a promissory note for $975, executed by said Curfman, payable to said Fletcher January 1, 1911, and to secure same a lien was reserved in the said conveyance on said land. During said year 1909 said Fletcher, for a valuable consideration, transferred said note to the appellant, J. M. Sands. On February 21, 1913, appellant, Sands, sued appellee, W. A. Curfman, to recover on said note and to foreclose the lien on said land. Curfman answered that said note was nonnegotiable and unassignable; that he had no notice of the transfer to Sands, and that he had paid off and settled same with Fletcher; that Fletcher was a minor when the note was executed, but, since, his disabilities had been removed, and he had confirmed the sale of the land and had received payment of the note from Curfman and had released the lien on said land. The case was submitted to the jury by the court on one issue only, that is, "Did the defendant Curfman know, at the time he paid the note to Fletcher, that said note was in the possession of plaintiff, Sands?" To which they answered, "Yes." Both parties moved for a judgment for each respectively. The court entered judgment for Curfman, and Sands appeals.

[1] Assignment 3 complains of the court in permitting, over objections of Sands, Curfman, and his attorney Foree, to relate conversations had before and at the time of the execution of the deed of confirmation with Fletcher as to his intentions regarding the renunciation of the contract transferring the note. We think this testimony should not have been admitted. Fletcher was not a party to this suit, such conversations were not had in the presence of Sands, were hearsay, and were not legitimate as against Sands.

[2] The note was nonnegotiable, and Sands took it subject to all legitimate defenses urged by Curfman that accrued before Curfman had notice of such transfer. If after Curfman received notice of said transfer to Sands he paid any sum to Fletcher on said note, he did so at his own risk, and is not entitled to recover same as an offset against the claim of Sands.

[3] But it is claimed by Curfman that Sands was not the owner of the note, as the deed recited that the note was "nonnegotiable and nonassignable," of which Sands had notice, and he was entitled to recover thereon. The note on its face showed only that it was nonnegotiable, and did not contain the said recitals in the deed. Sands testified that when he traded for the note he knew nothing about the transaction between Fletcher and Curfman, except what the note itself showed. But if it be conceded that Sands knew of such recitals in the deed, his position would have been the same, as from the face of the note

he was notified of its nonnegotiability. Article 583, R., S., authorizes the assignment of nonnegotiable notes, and article 584 makes such subject to all defenses by a former owner before notice of the assignment. Curfman could not defeat the right of Sands to recover on the ground that he was not the owner as stated.

[4] Appellant further contends that Fletcher, upon the removal of his disabilities, and at the time of the confirmation of the sale of the land, repudiated the transfer of said note, and Curfman was justified in paying off the note, and Fletcher was relieved from further liability thereon. Aside from the conversations of Curfman and Foree as to what Fletcher stated to them, we find no evidence in the record sustaining this contention of Curfman. Fletcher did not testify on the trial, and there is no evidence showing that he made known to Sands any intention of repudiating the said transfer. Upon the other hand, we find evidence in the record tending to show that Fletcher never did repudiate said transfer.

A contract made by a minor is not void for the reason that he is a minor, but it is voidable only at the instance of the minor, and he must, within a reasonable time after reaching his majority, disaffirm the contract or it will be binding. Fletcher did not disaffirm the contract with Sands; therefore Sands had the right to rely thereon.

The jury having found that Sands was in possession of the note, and that Curfman had notice thereof the court should have submitted to the jury the issue of amount due thereon, and rendered judgment for plaintiff according to such findings. As there is some confusion in the evidence as to what credits, if any, should be allowed on the note, the judgment will be reversed, and cause remanded.