GIDDEN MOTOR Co. *et al. v.* JOHNSTON.

(Division B. Nov. 11, 1929.)

[124 So. 367. No. 28100.]

Cutrer & Smith, of Clarksdale, and J. D. Magruder, of Tunica, for appellants.

Maynard, Fitzgerald & Venable, of Clarksdale, for appellee.

Griffith, J., delivered the opinion of the court.

The state banking department, as liquidator of the Delta Bank & Trust Company, issued, on March 15, 1921, to Mrs. E. B. Johnston, appellee here, a certificate of guaranteed claim against the assets of said bank in the sum of three thousand two hundred forty dollars and thirty-three cents: Sometime during the year 1923 Mrs.

Johnston indorsed the said certificate, indorsing her name on the same in the manner in which indorsements are usually made on commercial paper, and without qualification or restriction, and delivered the same to one Smith. The actual purpose and understanding between appellee and said Smith in the said indorsement and delivery to Smith was to enable Smith to use said certificate as available collateral for the security of a loan from the Planters' Bank to Smith; but said Smith, instead of negotiating the loan with the bank, obtained the loan from the appellant, Mrs. E. D. Gidden.

When Smith deposited the said certificate with Mrs. Gidden as security for the said loan, he represented to her that he was the absolute owner of said certificate. During the years 1924 and 1925 certain dividends were paid on said certificate by the banking department, which payments were received by Mrs. Gidden and credited on the note evidencing the loan. The first note made by Smith to Mrs. Gidden was not fully paid, and a renewal note for the balance was given and secured likewise by the said certificate. In May, 1925, said Smith proposed to sell the said certificate to Mrs. Gidden outright, so that thereby the balance due on the note would be paid and the said Smith would receive the overplus in cash. Nothing having happened during all this time of some two years that this certificate had remained as collateral with Mrs. Gidden to indicate that the title and interest of said Smith was anything other than he had represented it to be, that is, that of absolute ownership, and, on the contrary, everything that had happened appearing to confirm that claim, Mrs. Gidden purchased the said certificate from Smith and paid him therefor the then full market value, without discount, and in cash.

Some time after the final transaction last mentioned, but just when is not clear from the record, Mrs. Johnston, appellee, began—and apparently for the first time

—to inquire what had been done with, or what had become of, said certificate, and, learning about the year 1926 that it was in the possession of appellant, this suit was instituted to recover the certificate and for other relief. The chancellor sustained the bill, and by his decree ordered the certificate delivered up, and, in addition, gave a money judgment against Mrs. Gidden, who appeals to this court.

It is the contention of appellee, to state the same in short, that the certificate aforesaid is nonnegotiable, and that Mrs. Gidden obtained no further title to the certificate than the indorsee Smith had, which, as appellee contends, was not an absolute, but only a qualified, title, according to the facts already stated.

It is true that the said certificate is a nonnegotiable instrument, but there are no provisions in it which inhibit an assignment of it. Nonnegotiable instruments which partake of the nature of commercial paper are assignable by indorsement and delivery; and such an indorsement on paper of the general character aforesaid and thereupon its delivery has the legal effect to transfer, and to transfer absolutely, all the right, title, and interest of the indorser therein, although, of course, it does not as to the payer or maker of that paper operate to convert the same into a negotiable instrument. As between the original parties, the paper being nonnegotiable in the beginning, it remains so to the end. And it is just here that the argument made by appellee fails when it is contended, as appellee contends, that to permit the defense to the suit here interposed would obliterate the distinctions between negotiable and nonnegotiable paper. Wettlaufer v. Baxter, 137 Ky. 362, 125 S. W. 741, 26 L. R. A. (N. S.) 804; Southard v. Latham, 18 N. M. 503, 138 P. 205, 50 L. R. A. (N. S.) 871; Worden Gro. Co. v. Blanding, 161 Mich. 254, 126 N. W. 212, 20 Ann. Cas. 1332; Swedish-American Bank v. Koebernick, 136 Wis. 473,

117 N. W. 1020, 128 Am. St. Rep. 1090; and cases cited in the several notes.

To the general rule that the assignment of a chose in action vests in the assignee the title thereto only to the same extent that the assignor had it at the date of the assignment, there is the important qualification that, where the owner places in the hands of another the possession of a chose, together with the evidence or indicia of absolute ownership in that other, an assignment by the latter will vest in a bona-fide assignee of the chose for a valuable consideration the title thereto as against the true owner. 4 Cyc., p. 80; 5 C. J., p. 966; 2 R. C. L., p. 632. "The more modern rule upon the subject under consideration seems to be, that where the owner of things in action, although not technically negotiable, has clothed another, to whom they are delivered in the method common to all mercantile communities, with the usual apparent indicia of title, he will be estopped from setting up against a second assignee, to whom the securities have been transferred for value and without notice, that the title of the first assignee was not perfect and absolute." Moore v. Moore, 112 Ind. 149, 13 N. E. 673, 2 Am. St. Rep. 170, 173; Cowdrey v. Vandenburgh, 101 U. S. 572, 25 L. Ed. 923; Scollans v. Rollins, 179 Mass. 346, 60 N. E. 983, 88 Am. St. Rep. 386; McCarthy v. Crawford, 238 Ill. 38, 86 N. E. 750, 29 L. R. A. (N. S.) 252, 128 Am. St. Rep. 95, 99; Otis v. Gardner, 105 Ill. 436, 444. The qualification stated is not only practical, but it has the sanction of natural equity and sound morality; and we give our unhesitating adherence to it, notwithstanding the confusion in the books on the subject. In fact, we think this court is already thoroughly committed to the principle, as is seen in such cases as Wilkinson v. Love, 149 Miss. 523, 115 So. 707; Hall v. Box, 131 Miss. 218, 94 So. 221; Anderson v. Yates, 135 Miss. 110, 99 So. 499; Bank v. Leeton, 131 Miss. 324, 95 So. 445; Mc-

Gee v. Carver, 141 Miss. 463, 106 So. 760, and others of like import.

The facts are not disputed, and, since the chancellor upon the law reached a conclusion opposite to that which we hold is the correct view, the decree is reversed, and decree will be entered here for appellant.

Reversed, and decree here.