**WOOD v. SPARKS et al.**

No. 1073.

Court of Civil Appeals of Texas. Waco.
June 11, 1931.

Rehearing Denied Oct. 1, 1931.

143

ic's lien contract and these assignments were all recorded in the county clerk's office of McLennan county on April 11, 1929. Thereafter on June 11, 1929, the Davis Lumber Company executed and delivered to T. E. Hubby a written assignment, of the note and lien and indorsed the true note in blank and delivered the same to Hubby for a valuable consideration. This assignment was properly recorded October 15, 1929. The assignment from the Davis Lumber Company to N. Wood was in the usual form, and, after reciting the execution and delivery of the note from Texas Mortgage & Investment Company and that the Davis Lumber Company was the owner and holder thereof, recited that "it has sold, transferred and conveyed and does hereby sell, transfer and convey unto the said N. Wood * * * said note and said lien and all liens and titles held by it in and to said land."

N. Wood filed this suit to foreclose his lien, making the Texas Mortgage & Investment Company, Sparks, and Hubby and others parties defendant. T. E. Hubby answered by general demurrer and general denial and alleged that the note held by Wood was a forgery and that the true note had been assigned to him (Hubby), that he had purchased said note and lien for value, in good faith, and without notice of any defects, and he prayed that he be adjudged to be the true owner and holder of the note and lien and for foreclosure of his lien. A trial before the court without a jury resulted in a judgment in favor of Hubby foreclosing his lien and denying Wood any recovery. Wood appeals.

The question before the court is, who acquired the better title to the note and lien? Since N. Wood's assignment was first in time, he should prevail unless his rights are cut off by the equities in favor of Hubby. At the time Wood undertook to purchase the note and lien, he took a written assignment, but accepted a forged note and left the true note in the possession of the Davis Lumber Company.

The note in question was payable to W. P. Sparks or order. It was in all respects in the form of a negotiable promissory note for $4,000, except that it provided that "the liability on and payment of this note is subject in all things to the terms of the mechanic's lien contract between the parties hereto of even date, to which reference is made a part hereof." The mechanic's lien contract provided that the maker should not be liable on the note, but that the payee or his assigns should look only to the property described therein for the payment of the note. Since liability on the note was made dependent on the terms of the mechanic's lien contract, the note was not a negotiable instrument. Revised Statutes, article 5932; Lane Co. v.

W. L. Eason, of Waco, for appellant.

F. M. Fitzpatrick, Bryan & Maxwell, E. B. Baker, and Allan McDonnell, all of Waco, and Saner, Saner & Jack, of Dallas, for appellees.

ALEXANDER, J.

This was a suit brought by N. Wood against the Texas Mortgage & Investment Company, T. E. Hubby, W. P. Sparks, and others for debt and to foreclose a mechanic's contract lien on certain property in the city of Waco. The undisputed facts show that on March 4, 1929, the Texas Mortgage & Investment Company entered into a mechanic's lien contract with W. P. Sparks for the erection of certain improvements on the property in question, and executed and delivered to said Sparks in consideration therefor its note for $4,000, payable to W. P. Sparks or order on or before September 4, 1929. Sparks, by written assignment and by indorsement and delivery of the note for a valuable consideration, assigned and transferred the note and lien to the Davis Lumber Company. Thereafter on April 11, 1929, the Davis Lumber Company executed and delivered to N. Wood a written assignment of the note and lien, but delivered to Wood a forged note and retained in its possession the true note. The original mechan-

Crum (Tex. Com. App.) 291 S. W. 1084. The note and mechanic's lien contract must be construed together as provided in the note, and, when this is done, we find that the note is not an unconditional promise to pay a sum certain. Therefore it is not in the true sense a promissory note. Kelsay Lumber Co. v. Crowell (Tex. Civ. App.) 19 S.W.(2d) 368, par. 6; First National Bank v. Greenville National Bank, 84 Tex. 40, 19 S. W. 334; 3 R. C. L. 834.

However, the mere fact that the instrument was nonnegotiable in the sense that a purchaser of negotiable paper who buys for a valuable consideration without notice, takes the same free of equities in favor of the maker, does not mitigate against an assignment of the obligation evidenced thereby by indorsement and delivery of the instrument. Whether it be denominated a note or not, it was the primary obligation to pay and was the evidence of the debt. The fact that it was made payable to W. P. Sparks or order, evidences the intention of the parties that title thereto should pass by indorsement and delivery of the instrument, and such was the effect thereof. Revised Statutes, art. 5934, § 30. An assignee of a nonnegotiable or overdue note may acquire a good title thereto by the indorsement and delivery of the note, although he takes the same subject to the equities of the maker thereof. Sands v. Curfman (Tex. Civ. App.) 177 S. W. 161; 8 C. J. 56; Buckley v. Collins, 119 Ark. 231, 177 S. W. 920; Gidden Motor Co. v. Johnston, 155 Miss. 328, 124 So. 367.

Wood left the true note in the possession of the Davis Lumber Company, and that company was thereby clothed with the indicia of ownership and the apparent right to transfer title thereto by indorsement and delivery. Wood was negligent in failing to verify the signature on the note delivered to him and in leaving in the hands of the Davis Lumber Company the true note with the apparent authority to transfer the same, and it was through his negligence that Davis Lumber Company was enabled to perpetrate the fraud on Hubby.

It has often been held that, where the owner leaves or places another in possession of a nonnegotiable note or written evidence of a chose in action, and such person in possession thereof is clothed with the indicia of ownership and the apparent authority to transfer the same, and a third party purchases from him such note or chose in action in good faith and for value without actual notice of the lack of authority to so assign the same, such third party acquires the superior right to the note or chose in action. 5 C. J. 955, § 139; Id. p. 966; 2 R. C. L. p. 631, § 41; Herman v. Connecticut Mutual Life Ins. Co., 218 Mass. 181, 105 N. E. 450, Ann. Cas. 1916A, 822; Washington Township v. First National Bank, 147 Mich. 571, 111 N. W. 349, 11 L. R. A. (N. S.) 471; Lee v. Turner, 89 Mo. 489, 14 S. W.

505; Security Mortgage Co. v. Delfs, 47 Cal. 599, 191 P. 53; Gidden Motor Co. v. Johnston, 155 Miss. 328, 124 So. 367; Gaines v. Fitzgibbons, 168 La. 260, 121 So. 763; Wettlaufer v. Baxter, 137 Ky. 362, 125 S. W. 741, 26 L. R. A. (N. S.) 804; Gardner v. Beacon Trust Co., 190 Mass. 27, 76 N. E. 455, 2 L. R. A. (N. S.) 767, 112 Am. St. Rep. 303, 5 Ann. Cas. 581.

The testimony in this case shows that Hubby accepted an assignment and delivery of the note in question for a valuable consideration in good faith and without notice of Wood's claim. He testified that he was familiar with the signature of the maker of the note and that he examined the same for the purpose of assuring himself that the signature was genuine, and, upon being so satisfied, he accepted the note.

The fact that the note was nonnegotiable did not put Hubby upon notice of the claim held by Wood or other third parties who might hold an interest therein. It put him upon notice of all equities in favor of the maker of the note, but it did not require him to make outside inquiry as to the interest of third parties, for this would have required of him to inquire of the whole world. Himrod v. Gilman, 147 Ill. 293, 35 N. E. 373. If Hubby, upon purchasing the note, had inquired of the maker, he would have found that there was no defense to the note other than that stipulated in the note and mechanic's lien contract, for none has been presented by the maker in this case. On the other hand, if Wood had inquired of the maker, he would have found that there was a good defense to the note that was being delivered to him, for the reason that the same was a forgery. One who purchases a note takes the risk of receiving a spurious or forged note, and it is his duty, as to third parties, to protect himself against the same. Southern Building & Loan Ass'n v. Brackett (Tex. Civ. App.) 39 S. W. 619.

The fact that N. Wood took a proper assignment of the lien places him in no better position. A mortgage or other lien is but an incident of or accessory to the debt, and a transfer of the debt, the principal thing, will carry with it the incident, the lien; but a transfer of a mortgage or lien will not carry with it the debt. Perkins v. Sterne, 23 Tex. 561, 76 Am. Dec. 72; 5 Tex. Jur. 45; 1 Wiltsie on Mortgage Foreclosures (4th Ed.) p. 414; 41 C. J. 672, 673.

The fact that Wood recorded the instrument by which the note and lien were transferred to him does not affect the case. As before stated, it was the assignment of the note and not the lien that determined the ownership of the property, and our registration statutes have no application to the assignment of promissory notes or choses in action. Adams v. Williams, 112 Tex. 469, 248 S. W. 673, par. 7. Hubby was not required to

examine the registration statutes in buying the note. He had no actual notice of the recording thereof and was not charged with constructive notice thereof.

Since Wood, by failing to verify the signature to the note delivered to him and by leaving the true note in the possession of Davis Lumber Company with all of the indicia of ownership and apparent authority to sell and deliver same, thereby enabled the lumber company to perpetrate the fraud on Hubby, Wood's rights must yield to the claim made by Hubby.

The judgment of the trial court is affirmed.