## C. A. De Jean v. The State.

No. 16428. Delivered June 27, 1934.

The opinion states the case.

*E. T. Miller,* of Amarillo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The offense is the transportation of potable liquor containing a prohibited percentage of alcohol; penalty assessed at confinement in the penitentiary for two years.

The opinion formerly written is withdrawn and the present one substituted in lieu thereof.

The appellant's motor truck was searched by officers and a quantity of beer was found therein. The action was taken without a search warrant. Appellant contends that the search was not founded upon probable cause such as authorized the search. Officers observed appellant driving a truck upon one of the streets of Amarillo, called Line Avenue, about four o'clock in the morning. The truck had a canvas over it which was nailed down. When followed by the officers the truck was driven by the appellant on a street which was several blocks removed from the business houses of the city. The truck was situated more than a block from the railroad tracks. Upon leaving Line Avenue, the truck was driven across an unpaved "blind" street. When appellant turned the truck into the street mentioned, the officers became suspicious. They saw that the truck was heavily loaded and that in passing over rough places it was driven slowly. The officers knew that beer had been legalized in the State of Colorado and had heard that persons were hauling it

into the City of Amarillo. The license upon the truck was issued by the State of New Mexico. The officers were without information touching the appellant or the truck he was driving or the contents thereof. In seizing the truck they acted upon suspicion growing out of the facts above stated. They caused appellant to stop his truck and made inquiry as to its contents. Appellant informed them that he had potatoes in his truck. The officers did not believe that the truck was loaded with potatoes. They raised the canvas and observed that the truck was loaded with some square boxes which, upon further investigation, were shown to contain beer.

It is strenuously contended by the appellant that the facts existing were not sufficient to authorize the search without a warrant and for that reason the evidence obtained through the search was not admissible. In support of his contention, the case of Williams v. State, 42 S. W. (2d) 142, is deemed in point. An examination of the testimony leads us to the conclusion that the search of the truck was not upon probable cause as that term is defined in Landa v. Obert, 45 Tex., 539, and many decisions of this court dealing with the same subject.

For the reason stated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*