### HARBAUGH et al. v. WALKER. County Treas.

No. 25678.     Sept. 8, 1936.

Rehearing Denied Oct 6, 1936.

Application for Leave to File Second Petition for Rehearing Denied Dec. 8, 1936.

Otjen & Carter, for plaintiffs in error.

L. Z. Lasley, County Atty., and H. C. Crandall, for defendant in error.

McNEILL, C. J. Plaintiffs in error, as copartners, seek to recover possession of two county warrants issued to them and which, without their authority, were pledged by the First National Bank, at Alva, with the county treasurer of Woods county as additional security for county deposits in said bank.

The county clerk of Woods county, on February 1, 1932, by order of the board of county commissioners, issued the warrants, totaling approximately $2,000, in payment of certain road machinery furnished to the county and which were drawn on the county treasurer of said county on the highway fund. The warrants were presented to the county treasurer and were duly registered.

There were no funds available at that time in said fund to pay the warrants, and they were so indorsed by the county treasurer. Plaintiffs in error, on or about February 15, 1932, took the warrants and left the same with said bank. Shortly thereafter, in February, 1932, the bank issued its checks to plaintiff in error to cover said warrants and then deposited the warrants with the county treasurer as a pledge and as additional collateral and security to secure deposits of the county treasurer with the bank. The warrants, when delivered to the county treasurer, contained the indorsement of plaintiffs in error and the bank, without any restriction being placed on the indorsement of plaintiffs in error.

The checks issued by the bank were never paid by reason of their not being presented before the bank was closed by order of the Comptroller of the United States Treasury, issued on March 15, 1932.

Plaintiffs in error contend:

(1) That the warrants were left with the bank for collection and remittance only.

(2) That the warrants were nonnegotiable.

(3) That the bank had no right to exceed its authority by pledging the warrants.

(4) That the county treasurer wholly failed to file a compliance with conditions imposed by section 7428, O. S. 1931, and for that reason cannot be considered as an innocent holder, or a holder in due course.

On the other hand, the county treasurer presses his argument on the following points:

(1) That the warrants were assignable, and, being assignable, were subject to only defenses which might be made by the county.

(2) That the county treasurer was an innocent purchaser for value, before maturity, and without notice of defects in the title of the assignor; and that plaintiffs are without right to claim title to said warrants.

Such warrants are assignable. Crawford v. Board of Com'rs, 8 Okla. 450, 58 P. 616. In that case this court cites from the case of Wall v. Monroe Co., 103 U. S. 77, in which Mr. Justice Field, speaking for the Supreme Court of the United States, said:

"The warrants being in form negotiable, are transferrable by delivery so far as to authorize the holder to demand payment of them and to maintain, in his own name,

an action upon them. But they are not negotiable instruments in the sense of the law-merchant, so that, when held by bona fide purchasers, evidence of their invalidity or defenses available against the original payee would be excluded. The transferee takes them subject to all legal and equitable defenses which existed to them, in the hands of such payee."

The county treasurer, being an assignee for value, took the warrants subject to any defenses which might be made by the county, and also took all of the rights which the original payee had in said warrants. The county appears to be making no defense to payment of said warrants.

The trial court found that the warrants were left with the bank for collection. This is an action at law and we do not disturb that finding, as it is supported by evidence. The facts pleaded are sufficient to entitle defendant to relief by estoppel, and it is not always necessary to plead estoppel in haec verba. Jones v. S. H. Kress & Co., 54 Okla. 194, 153 P. 655; Bank of Chelsea v. Elam, 167 Okla. 650, 30 P. (2d) 919.

When plaintiffs in error left transferrable warrants, bearing their own indorsement, with the bank, they thereby clothed the bank with indicia of ownership, and when the bank thereafter transferred the warrants to the county treasurer, a bona fide purchaser, for value, before maturity, and without notice of any defect of title in said warrants, the principle of personal estoppel will apply to protect such a purchaser. This rule of law is governed by and depends not upon the existence of the actual title or real authority of the party with whom a bona fide purchaser is dealing directly in the purchase of the property, but it basically rests upon the conduct of the rightful owner who has clothed voluntarily the wrongdoer with indicia of ownership and possession so as to justify such purchaser in good faith in believing that such wrongdoer is the rightful owner or has authority to deal with said property. It is through the negligence of the true owner who has caused the title to appear to be vested in another which precludes him from disputing the title of a bona fide purchaser.

In this case plaintiffs in error indorsed the warrants without any qualifications or restrictions and delivered them to the bank. When such warrants were so delivered, then the bank was apparently clothed with indicia of ownership and possession so as to justify the county treasurer in believing that said bank was the rightful owner of said property. Many cases are in accord with this general rule. See 2 R. C. L. 4632; 5 C. J. 966. See, also, Township v. First National Bank of Huntington, 147 Mich. 571, 111 N. W. 349, 11 L. R. A. (N. S.) 471; Cowdrey v. Bandenburg, 101 U. S. 572, 25 L. Ed. 923; Gidden Motor Co. v. Johnston, 155 Miss. 328, 124 So. 367; Wood v. Sparks (Tex. Civ. App.) 42 S. W. (2d) 142; Payne v. First National Bank (Tex.) 291 S. W. 209; Herman v. Connecticut Mutual Life Ins. Co., 218 Mass. 181, 105 N. E. 450; Fidelity National Bank & Trust Co. of Kansas City v. McNeal, 67 F. (2d) 516.

There is nothing in the record to show that the county treasurer had any notice of defects in the title to said warrants at the time of purchase. It is not sufficient to show that the county treasurer, when accepting the securities from said bank, did not comply with all the provisions of section 7428, O. S. 1931, which requires that warrants and securities be accompanied by the certificate of the cashier of said bank, under oath, that the bank is the legal owner of such warrants and securities, etc. These provisions of the statute are directory in effect and not mandatory, although failure to comply therewith may not relieve the county treasurer from liability upon his official bond. See Mays v. Board of County Com'rs of Creek County, 164 Okla. 231, 23 P. (2d) 664; also, Kavanaugh v. Fash, being an opinion by the Circuit Court of Appeals, Tenth Circuit, 74 Fed. (2d) 435, wherein the question involved was whether a national bank in Oklahoma might pledge its assets to secure deposits of public money without a resolution of its board of directors unanimously adopted and recorded in the minutes. Judge Bratton, in writing the opinion for the court, in substance, held that such provisions in a statute are procedural and directory and not mandatory.

The county treasurer acted in good faith in accepting the warrants in question, and the fact that the provisions of section 7428, supra, were not followed does not render the pledge ineffective.

The judgment of the trial court is affirmed.

OSBORN, V. C. J., and BAYLESS, PHELPS, and CORN, JJ., concur.