SEBRING, Treas., v. FAGIN et al.

No. 30912.   Oct. 5, 1943.

*141 P. 2d 792.*

Mac Q. Williamson, Atty. Gen., and Fred Hansen, Asst. Atty. Gen., for plaintiff in error.

J. Berry King and George J. Fagin, both of Oklahoma City, for defendants in error.

ARNOLD, J. Benjamin Fagin and Samuel B. Fagin, doing business as Fagin Brothers, brought this action in the district court of Oklahoma county, Okla., to mandamus Carl B. Sebring, Treasurer of the State of Oklahoma, to pay state warrant No. 32672, in the amount of $225.

There is no controversy with reference to the issues raised by the pleadings of the parties. Under the evidence and admissions of the parties, the facts are as follows: On October 31, 1941, state warrant No. 32672 was issued and delivered to the payee, C. E. Oden, being a salary warrant for services as an employee of the State Board of Public Welfare. On or about the same day the payee endorsed same in blank, attached it to a letter addressed to the Security State Bank of Weatherford, Okla., directing that said warrant be deposited to the credit of Mrs. Oden, enclosed the warrant and letter in a stamped envelope addressed to said bank and gave same to his wife with instructions to mail said envelope. Mrs. Oden deposited the envelope in the substation of the post office located in the John A. Brown store. On or about November 5, 1941, Oden was notified that the warrant had not been received by the bank. He immediately went to the

State Treasurer and requested that payment of the warrant be stopped unless presented by the Security State Bank of Weatherford. Upon filing of the affidavit and bond, as required by 74 O. S. 1941 § 34, on November 10, 1941, the State Auditor issued and delivered to Oden a duplicate warrant which was paid by the State Treasurer on November 19, 1941.

On November 6, 1941, a negro man went to the place of business of the Fagins and bought a musical instrument. In payment therefor he presented the warrant in question, No. 32672, stating that he was a teacher at a state school for the colored people and that the warrant was given him to buy musical instruments for the school and to pay for repairs on other instruments. He told the Fagins he was C. E. Oden and that he had previously endorsed the warrant. The Fagins accepted the warrant in good faith, paying to the negro in cash the sum of $141, which was the amount of the warrant less the price of the instrument bought ($84). In due course the Fagins deposited said warrant to their account in the First National Bank & Trust Company of Oklahoma City. On or about November 12, 1941, it was returned to the bank with the notation thereon "payment stopped"; they contacted the State Treasurer and C. E. Oden and were advised of the facts hereinbefore set forth. It will be noted that although the duplicate warrant had been issued at the time the Fagins contacted the State Treasurer, it was not paid until after all parties knew that the warrant was in the possession of the Fagins as holders in good faith and under the circumstances hereinbefore set forth.

The plaintiffs prayed that a peremptory writ of mandamus issue requiring the State Treasurer to pay said warrant. The State Treasurer prayed that the issuance of the writ of mandamus be denied and that the Fagins be directed to immediately deliver said warrant to him. Judgment was rendered in favor of the plaintiffs.

The defendant contends that a state warrant is a nonnegotiable instrument; that a thief cannot vest title to a stolen nonnegotiable instrument in a purchaser, though innocent of the facts.

Estoppel was not pleaded nor is it contended by the plaintiffs that the State Treasurer could be or is estopped.

We have many times held that state or municipal warrants, though negotiable in form, possess none of the attributes or qualities of commercial paper except that such can be transferred by delivery or assignment; that they are not negotiable instruments. Logan County Bank v. Farmers National Bank, 55 Okla. 592, 155 P. 561; Crawford v. Noble County, 8 Okla. 450, 58 P. 616; Jack v. National Bank, 17 Okla. 430, 89 P. 219; Harbaugh et al. v. Walker, 178 Okla. 280, 62 P. 2d 626. See, also, Annotation in 36 A.L.R. 949; 21 How. (U.S.) 397, 16 L. Ed. 115.

The general rule is that a thief or finder of a nonnegotiable instrument cannot convey title thereto. The rightful owner's title cannot be feloniously divested even though the attempted sale is to an innocent purchaser for value. Ownership in such instance follows the general rule applicable to chattels. See Jones v. American Savings Bank & Trust Co., 139 Wash. 598, 247 P. 1017; Manker v. American Savings Bank & Trust Co., 131 Wash. 430, 230 P. 406, 42 A.L.R. 1021; Vawter et al. v. Gates, 66 Kan. 505, 72 P. 207, 97 Am. St. Rep. 383.

It follows that where a state warrant endorsed in blank is stolen from or lost by the true owner, an innocent purchaser for value from the thief or finder acquires no title thereto.

In Harbaugh et al. v. Walker, supra, the owners of county warrants delivered them to a bank for a certain purpose. The bank, in violation of the limited terms of delivery, pledged the warrants to a county treasurer as additional security for county deposits in said bank. In that case we held that warrants are transferable, but that the purchaser

from another than the rightful owner can take only such rights as a rightful owner has parted with, except where the owner is estopped by his own acts from asserting, as against the innocent purchaser, ownership thereof.

There is no contention in the case at bar that the warrant in question is not transferable. In fact, Oden was attempting to transfer to the bank at Weatherford. The delivery to the bank · at Weatherford was never accomplished because the warrant was either lost or stolen. The case before us does not present a controversy between Oden, the payee of the warrant, and the Fagins, who claim title from the thief or finder. Obviously the case is not in point.

The Fagins also cite and rely upon Fidelity Trust Co. v. Palmer, 22 Wash. 473, 61 P. 158; City of Marcus v. Ofner, 103 Wash. 478, 175 P. 31; Woodworth v. School District No. 2, 103 Wash. 677, 175 P. 321, as supporting their contention that the warrant in question is negotiable and not subject to the defense available in cases involving nonnegotiable instruments.

Those cases are discussed by the Supreme Court of the State of Washington in Manker v. American Savings Bank & Trust Co., supra. Apparently, the Washington court holds that a warrant of that state drawn upon the general revenue fund constitutes an unconditional promise to pay and is negotiable under the Negotiable Instrument Laws, but that a warrant drawn upon and payable out of a particular fund does not constitute an unconditional promise and is nonnegotiable. The State Treasurer in the case at bar attempts to point out these ·distinctions. However' this may all be, we have consistently held that state warrants are nonnegotiable and we decline to depart from this rule.

We conclude that the plaintiffs did not show a clear legal right to a writ of mandamus; the court below should therefore have denied them relief. Judgment reversed.

CORN, C. J., GIBSON, V. C. J., and RILEY, OSBORN, DAVISON, and WELCH, JJ., concur. BAYLESS, J., concurs in result. HURST, J., absent.