## WREN v. BANKERS INVESTMENT CO.

No. 35071.    Oct. 28, 1952.

*249 P. 2d 712.*

W. T. Brunson and Rex H. Holden, Oklahoma City, for plaintiff in error.

Washington & Thompson, Oklahoma City, for defendant in error.

WELCH, J.    Bankers Investment Company, a corporation, commenced action in replevin against Hoyt Wren seeking possession of a certain automobile held by the defendant. Writ of replevin was issued and thereunder custody of the automobile was taken from the defendant.

The plaintiff in pleading asserted right to possession of the automobile by virtue of a chattel mortgage given by one Garner Pettigrew, and an alleged breach of said chattel mortgage.

The defendant averred that he is and was at all times mentioned in the plaintiff's petition the legal owner of the automobile; that Garner Pettigrew was never the owner of the automobile, and that prior to the date of the plaintiff's mortgage the said Pettigrew was never in possession of the automobile or of a certificate of title thereto; that the defendant had no part in the mortgage transaction between Pettigrew and the plaintiff, nor received any benefit therefrom. The defendant asked for return of the automobile taken from him under the writ of replevin, and for damages against the plaintiff.

The plaintiff, in further pleading, charged that at the time the mortgage was executed by Pettigrew, the defendant had placed the said Pettigrew in possession and apparent ownership of the automobile, and plaintiff relied on such possession and apparent ownership in entering into the mortgage transaction with Pettigrew. Also, that the defendant accepted some of the benefits of the mortgage transaction, namely, part of the money loaned to Pettigrew on the security of the chattel mortgage covering the automobile; that by reason of his acts aforesaid, the defendant is estopped to assert title to the automobile in challenge of the validity and enforcement of the plaintiff's mortgage.

At trial the plaintiff made proof of its mortgage from Garner Pettigrew covering the automobile involved, and that the terms of the mortgage had been breached.

Garner Pettigrew was called as a witness by the plaintiff and gave testimony to the effect that on the date he executed the mortgage involved he was a licensed used car dealer and operated a used car business on a lot located directly across the street from a garage operated by the defendant. That on said date the defendant came to him and stated, in substance, that he, the said defendant, had purchased a new automobile and at such time had mortgaged the automobile to a bank; that

the bank was pushing him and that he had to have the money to pay off the mortgage. The defendant inquired if he, the said Pettigrew, could "floorplan" the automobile and raise the money for defendant to pay off his mortgage indebtedness at the bank. Pettigrew told the defendant he could raise the money on the automobile if he had the automobile and the title. Whereupon, the defendant delivered the automobile to Pettigrew, the same being the one that is here involved, and at the same time the defendant delivered to Pettigrew a certificate title that had been issued to the defendant, and which certificate described the automobile. Before handing the certificate to Pettigrew the defendant signed his name on the back of the certificate and under a printed form provided thereon for assignment of title. Pettigrew took the automobile and proceeded to the office of the plaintiff where he exhibited the said certificate of title so endorsed, and the automobile, and requested a loan of money on the security of a mortgage on the automobile. The plaintiff loaned Pettigrew a certain sum of money and Pettigrew executed the mortgage that is here involved. Pettigrew then returned to the defendant and paid over to the defendant a sum of money representing the amount Pettigrew had received from the loan and mortgage transaction.

After a demurrer to the plaintiff's evidence had been overruled the defendant presented testimony and evidence, of material substance, in sharp conflict with the testimony of Pettigrew. Verdict of the jury was for the plaintiff for possession of the automobile. Judgment was rendered in accord with the verdict.

The defendant assigns error that, "the court erred in overruling defendant's demurrer to plaintiff's evidence for the reason that the plaintiff's evidence failed to show any title or legal right in the mortgagor to mortgage the property of the defendant, and the mortgagee by the certificate of title

presented to it was put on actual notice of such lack of title or legal right of mortgagor."

A certificate of title to an automobile issued under the Oklahoma Motor Vehicle Title Act, 47 O. S. 1951 § 23 et seq., is not a muniment of title which establishes ownership, but is merely intended to protect the public against theft and to facilitate recovery of stolen automobiles and otherwise aid the state in enforcement of its regulation of motor vehicles. Adkisson v. Waitman, 202 Okla. 309, 213 P. 2d 465; Al's Auto Sales v. Moskowitz, 203 Okla. 611, 224 P. 2d 588. The act does not expressly provide that sales made without complying with its provisions shall be void and a sale or other change of ownership of an automobile made without complying with the requirements of the statute does not invalidate the sale or prevent title from passing. Al's Auto Sales v. Moskowitz, supra.

The certificate of title here involved was issued by the Tax Commission to the defendant, but had the name of the defendant endorsed on the back, showing a transfer in blank, when it was exhibited to the plaintiff by Pettigrew. So endorsed, and in the hands of Pettigrew, the certificate cannot be said to impart notice of present title in the defendant. The clear implication is presented that Pettigrew was authorized to insert his name as the transferee of title, especially, in the circumstance that he had possession of the automobile.

Under the circumstances that Pettigrew was a dealer in used cars and had possession of the certificate of title so endorsed and had possession of the automobile, it was made to appear that Pettigrew was the owner of the automobile when he applied for a loan and offered a mortgage on the automobile. Under the circumstances that the defendant voluntarily clothed Pettigrew with indicia of ownership and title, and the plaintiff, in good faith, relied on Pettigrew's apparent ownership in dealing with Pettigrew, the defendant is estopped to set up and claim ownership of the automobile in derogation of the plaintiff's mortgage taken from Pettigrew. Harbaugh v. Walker, 178 Okla. 280, 62 P. 2d 626; Al's Auto Sales v. Moskowitz, supra.

In the Moskowitz case we held:

"An alleged owner of an automobile, who permits a dealer in automobiles to have the car at his sales place under circumstances that indicate authority to sell, is estopped to assert his title against a bona fide purchaser for value and without notice of any defect of title."

Herein, although in the plaintiff's evidence, as reflected in the testimony by Pettigrew, it was shown that the defendant was owner of the automobile at the time the plaintiff received a mortgage thereon from Pettigrew, under all the circumstances in proof and admitted as true by the defendant's demurrer to the plaintiff's evidence, a right to an enforcement of the mortgage was shown by the plaintiff.

The judgment is affirmed.

HALLEY, V.C.J., and CORN, GIBSON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.