**GENERAL MOTORS ACCEPTANCE CORPORATION, Appellant,**

v.

**CAPITAL DISCOUNT, INC., a corporation, Appellee.**

No. 2632.

Municipal Court of Appeals for the District of Columbia.

Submitted Sept. 19, 1960.

Decided Dec. 6, 1960.

**780**

Norman E. Sill, Washington, D. C., for appellant.

No appearance for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

This appeal is from a summary judgment against appellant in an action brought by it for conversion of an automobile. The facts are not in dispute.

On February 16, 1959, one Naim R. Rafidi purchased the used car in question from Gibson Buick of Garfield County, Oklahoma, and executed a conditional sale contract in favor of his vendor. Gibson Buick, which held the original certificate of title as assignee, reassigned the title to Rafidi but did not note on the certificate that title was subject to the conditional bill of sale. On March 21, 1959, Rafidi filed with the Oklahoma Tax Commission an affidavit stating that the original title had been mutilated and requesting a new certificate of title. In his affidavit Rafidi claimed the title was not subject to any lien or encumbrance. On March 26 Rafidi received an Oklahoma certificate of title in his own name, and this certificate contained no indication that the title was subject to Rafidi's conditional sale contract with Gibson Buick.

Sometime after receiving his new title certificate Rafidi removed the automobile from Oklahoma, without Gibson Buick's consent and contrary to the terms of his contract. On June 4, 1959, he sold the automobile to appellee, a used car dealer in the District of Columbia. Appellee, relying on the Oklahoma certificate, paid Rafidi in cash.

Prior to the sale by Rafidi to appellee, Gibson Buick had sold Rafidi's conditional sale contract to appellant, which then recorded it in the office of the Register of Deeds, Garfield County, Oklahoma. Appellant asserts that by recording the contract it complied with Oklahoma laws for the protection of conditional vendors against innocent third party purchasers; that neither Gibson Buick nor it was required to note on the original certificate of title assigned to Rafidi that the title was subject to the contract; and that as its interest would be protected in Oklahoma, the courts of this jurisdiction should give full faith and credit to Oklahoma law, and that summary judgment should have been granted in its favor.

The Oklahoma statute [1] provides that on sale or transfer of an automobile the vendor shall assign his title to the vendee "with a statement of all liens or encumbrances on said vehicle"; but this provision, unlike our statute, [2] does not dispense with the Oklahoma requirement that a conditional sale contract be recorded. [3] The Supreme Court of Oklahoma has ruled that an Oklahoma certificate of title "is not a muniment of title which establishes ownership," and has indicated that a third party must be cautious about relying on such a certificate to show ownership. [4]

We have found no case in Oklahoma directly in point with the present case, and we will not attempt to speculate as to how the Oklahoma courts would rule in a similar case. In the absence of a controlling Oklahoma authority we feel we should apply the almost universal rule that where one of two innocent parties must suffer a loss the loss should be borne by the one whose act permitted the loss to occur. [5]

The Oklahoma statute, although apparently not mandatory, does instruct or suggest that the vendor of an automobile, when assigning title, shall include a statement of all liens and encumbrances on the vehicle, and the Oklahoma certificates contain blanks for filling in this information. If Gibson Buick had taken the precaution to indicate on the certificate assigned to Rafidi that the title was subject to its conditional sale, we have no doubt this case would never have been before us. Instead, it either deliberately or negligently omitted this information, and delivered the automobile to Rafidi with a certificate which would lead another to assume that he had an unencumbered title. This act enabled Rafidi to commit his fraud, and it or appellant, its successor in interest, must bear the loss resulting from such fraud. [6]

Affirmed.

ROVER, Chief Judge, sat during the argument of this case but died before it was decided.

1. Okl.Stat. tit. 47, § 23.6 (1951).

2. Code 1951, § 40–702.

3. Okl.Stat. tit. 46, § 57 (1951); see also 7 Blashfield, Cyclopedia of Automobile Law and Practice, § 4255 n. 29 (1950).

4. Wren v. Bankers Inv. Co., 207 Okl. 339, 249 P.2d 712, 714; City Nat. Bank & Trust Co. v. Finch, 205 Okl. 340, 237 P.2d 869; Adkisson v. Waitman, 202 Okl. 309, 213 P.2d 465.

5. Oklahoma recognizes this rule. See General Finance Corporation v. Jackson, Okl., 296 P.2d 141.

6. See Annotation, 18 A.L.R.2d 813. See also Chiplock v. Steuart Motor Co., D.C. Mun.App., 91 A.2d 851; Miller v. Logan Motor Co., D.C.Mun.App., 89 A.2d 926.