**Mildred M. DOUGLASS, Appellant,**

v.

**Ben PANEK, Appellee.**

**No. 16306.**

Court of Civil Appeals of Texas.

Dallas.

Jan. 31, 1964.

James D. O'Connor, Dallas, for appellant.

Bernard I. Whitten, Dallas, for appellee.

DIXON, Chief Justice.

Ben Panek, appellee, filed suit against appellant Mildred M. Douglass on an instrument purportedly secured by vendor's lien and deed of trust on real estate, which instrument he alleges comes within the definition of a negotiable promissory note as provided in Art. 5947, Sec. 184, Vernon's Ann.Civ.St.

Summary judgment was rendered in favor of appellee for $6,763.00 principal plus interest and attorneys' fees, amounting to a total of $9,053.15. No foreclosure was awarded.

Appellant's first point is that the instrument sued on is not a negotiable promissory note as defined in the above cited section of the Negotiable Instruments Act. We agree with appellant.

The instrument fails to meet the requirements of the statute in that it is not an unconditional promise by appellant to pay a sum certain in money. In the body of the note itself is this recitation: "This note is given to secure payment *to the extent* of amount herein mentioned which represents *money to be expended* by the said Ben Panek for the purpose of rehabilitation of various apartment units located at 3318

Daniel Ave." (Emphasis ours.) It is plain from the terms of the note that payment depends upon a contingency which might or might not happen. Therefore it it not a negotiable promissory note as provided by the statute. Wood v. Sparks, Tex. Civ.App., 42 S.W.2d 142; Kelsay Lumber Co. v. Crowell, Tex.Civ.App., 19 S.W.2d 368, 371; Lane Co. v. Crum, Tex.Com.App., 291 S.W. 1084; 3 R.C.L. 834. Appellant's first point is sustained.

■ Appellant's sixth point asserts in substance that a fact issue exists as to whether the contract alleged by appellee was ever fully performed. Again we agree with appellant.

Appellee's affidavit in support of his motion for summary judgment contains these allegations:

"That affiant contracted with the said Mildred M. Douglass to furnish certain labor and material in the reconditioning of certain personal property belonging to the said Mildred M. Douglass, and upon completion thereof the said Mildred M. Douglass would and did execute her acceptance thereof (See Exhibit "B" attached)."

Exhibit "B" referred to in appellee's affidavit does not support appellee's claim that Mildred Douglass accepted performance of the contract. It is a copy of a bill of lading apparently pertaining to a shipment of merchandise from "Ben Panek of Custom Design, Inc." consigned to "Falk Fabric Co." with destination shown to be "M. Douglas State of Texas * * * Route 3318 Daniels Dallas." Under the printed general heading of "NO.—DESCRIPTION OF ARTICLES, SPECIAL MARKS AND PACKAGES—EXCEPTIONS" a blank space is filled in as follows: "Completion of Apts # 1—A 5 # 10 —M. M. Douglass /s/." Other than the above entries all blank spaces on the printed form are left vacant.

Exhibit "B" does not show that materials were furnished or that the furnishing of materials in appellant's apartments was completed in accordance with the terms of the note. It does not show that any labor was furnished by Ben Panek though Panek in his affidavit says he contracted to furnish materials and labor. And it does not show the "extent" of the money, if any, "expended by Ben Panek for the purpose of rehabilitation of various apartment units located at 3318 Daniel Ave." In short, Exhibit "B" wholly fails to prove performance of the contract between appellant and appellee. That being so, appellee has failed to make out a case by his pleadings, affidavits and exhibits. Aside from an amended verified answer wherein she pled fraud with respect to the contract and forgery with reference to the alleged bill of lading, appellant filed no affidavits in reply to appellee's motion for summary judgment. But it was not necessary for her to do so, since appellant by his own showing developed fact issues which defeat his motion for summary judgment. Freeberg v. Securities Investment Co. of St. Louis, Tex.Civ.App., 331 S.W.2d 825, 826. Appellant's sixth point is sustained.

In her second and third points appellant attacks the allowance of attorneys' fees. The instrument sued on expressly provides for payment of ten percent attorneys' fees if placed in the hands of an attorney for collection. Appellant's second and third points are overruled.

In her fourth point appellant says that the court erred in considering Exhibit "B" in that Rule 59, Texas Rules of Civil Procedure was violated. Though we have held that Exhibit "B" did not establish completion of performance of appellee's contract as contended by appellee, we do not think the court violated Rule 59, T.R.C.P. merely by considering the exhibit. The fourth point is overruled.

Appellant's fifth point asserts that since appellant pled fraud in her verified amended answer to appellee's petition a fact issue was raised. Appellee challenges the sufficiency of the allegations on the ground

that they are too general. Since this cause is being remanded for further proceedings and the pleadings may well be amended again we shall not pass on appellant's fifth point.

The judgment is reversed and the cause remanded to the trial court for further proceedings not inconsistent with this opinion.

Reversed and remanded.